Zu Yu YANG, Petitioner–Appellant,

v.

BOARD OF IMMIGRATION APPEALS, Respondent–Appellee.

Docket No. 03–40731.

United States Court of Appeals, Second Circuit.

June 24, 2005.

Tao Lin, Caesar & Napoli, New York, NY, for the Petitioner–Appellant.

Craig S. Morford, United States Attorney for the Eastern District of Michigan (L. Michael Wicks, Assistant United States Attorney, on the brief), Detroit, Michigan, for the Respondent–Appellee.

Present: MINER, STRAUB, Circuit Judges, and KEENAN, Judge.[1]

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition is hereby **DENIED**.

Zu Yu Yang ("Yang"), a native and citizen of the People's Republic of China, petitions for review of an October 2, 2003, order of the Board of Immigration Appeals ("BIA"), affirming a September 5, 2002, decision of the Immigration Judge ("IJ") denying Yang's motion to reconsider its previous denial of Yang's motion to reopen removal proceedings. Yang entered the United States without inspection on or about August 8, 1989. He was served with an Order to Show Cause and Notice of Hearing on February 2, 1995, alleging his deportability, pursuant to 8 U.S.C. § 1227(a)(1)(B), and notifying him of a hearing scheduled for April 5, 1995. On April 5, 1995, an attorney appeared for Yang and requested an adjournment until May 10, 1995. The hearing was rescheduled for May 10, and Yang received a Notice of Hearing and oral notice informing him of the date and the consequences of the failure to appear. On May 8, 1995, Yang's counsel moved to withdraw his appearance. A hearing was held on May 10, 1995, at which neither Yang nor counsel for Yang attended.[2] In absentia, the IJ ordered Yang deported from the United States on May 10, 1995.

On September 13, 2000, Yang's wife was naturalized as a United States citizen, and on November 17, 2000, she filed a relative visa petition on behalf of Yang. The INS granted the petition and an immigrant visa was made available to Yang. On August 20, 2001, Yang applied for an adjustment of status. At the hearing on the application, the INS informed Yang that he had to have his deportation proceedings reopened before his application for adjustment could be considered. Accordingly, on July 2, 2002, Yang moved to reopen his deportation proceedings.

The IJ denied the motion to reopen in a written opinion on August 5, 2002. The IJ, noting that INA § 240(b)(5)(C), 8 U.S.C. § 1229a(b)(5)(C), requires a motion to reopen proceedings following an in absentia order of deportation to be filed within 180 days of the order, held that Yang failed to meet the deadline for mov-

---

1. The Honorable John F. Keenan, United States District Judge, Southern District of New York, sitting by designation.

2. Yang does not argue that the circumstances surrounding the adjournment or his counsel's withdrawal affected his failure to appear.

ing to reopen. The IJ further noted that even assuming Yang had filed his motion within 180 days, the statute allows for reopening only where the failure to appear was the result of "exceptional circumstances." The IJ held that Yang's claim that he was suffering from "high fever" and "serious trots" on the date of the hearing did not establish "exceptional circumstances," because Yang did not "adequately document[ ] his illness" by providing documents from the doctor that treated him, contemporaneous medical records, or affidavits from family or friends that would attest to his illness on the day of the hearing. The IJ also held that Yang's marriage to a United States citizen did not constitute "exceptional circumstances" for his failure to appear.

On August 29, 2002, Yang filed a motion asking the IJ to reconsider its denial of his motion to reopen and offered an affidavit from a doctor that allegedly treated his illness on the date of his hearing and affidavits from several friends who recalled seeing him ill on May 10, 1995. On September 5, 2002, the IJ denied the motion to reconsider. In a handwritten endorsement, the IJ declined to revisit his initial conclusion that the motion to reopen was untimely and stated that although Yang presented new evidence establishing that he was "ill on the day of hearing," he failed to establish that his illness prevented him from filing his motion to reopen within 180 days of the order of deportation. On September 30, 2002, Yang appealed to the BIA the IJ's September 5, 2002 denial of his motion to reconsider. On October 2, 2003, the BIA summarily dismissed the appeal.

■■■ Where the BIA summarily affirms a decision of an IJ, the IJ's decision becomes that of the BIA for purposes of

judicial review. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the denial of the motion to reconsider for abuse of discretion. *See Brice v. DOJ,* 806 F.2d 415, 419 (2d Cir.1986). We conclude that the IJ did not exceed its allowable discretion in denying Yang's motion to reconsider the denial of his motion to reopen. The IJ correctly found that Yang's motion to reopen was untimely as it was filed outside the 180–day period, *see* INA § 242B(c)(3)(A), 8 U.S.C. § 1252b(c)(3)(A) (1994) (stating that an in absentia deportation order could be rescinded only "upon a motion to reopen filed within 180 days after the date of the order of deportation if the alien demonstrates that the failure to appear was because of exceptional circumstances (as defined in subsection (f)(2) of this section)") (recodified, as amended, without material change, at 8 U.S.C. § 1229a(b)(5)(C)(i)) (addressing removal orders), and Yang did not (and does not) argue that any of the statutory limitations applied to his motion, *see* INA § 242B(c)(3)(B), 8 U.S.C. § 1252b(c)(3)(B) (1994) (providing that a motion to reopen may be filed "at any time" if the alien demonstrates that he did not receive notice of the deportation proceedings or he was in federal or state custody and the failure to appear was through no fault of the alien) (recodified, as amended, without material change, at 8 U.S.C. § 1229a(b)(5)(C)(ii)).[3] Yang's claim that he is entitled to relief under *Matter of M–S–,* 1998 WL 769392, 22 I. & N. Dec. 349 (BIA 1998), fails because Yang does not assert that he failed to receive oral warnings of the consequences of the failure to appear at the deportation proceedings. Indeed, the Notice to Appear for the hear-

---

**3.** The parties do not dispute that is case is governed by § 242B of the Immigration and Nationality Act ("INA"), one of the provisions

repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA").

ing dated May 10, 1995 indicates that Yang received oral notice informing him of the consequences of the failure to appear. Furthermore, the remedy in *Matter of M–S–* contemplates compliance with the timeliness requirements of the general motion to reopen regulations, *see id.* at 350–51; *id.* at 357 (noting timeliness of M–S–'s motion to reopen), and Yang does not claim such compliance. Moreover, to the extent Yang argues that equitable tolling should be applied, the IJ did not abuse his discretion in concluding that Yang failed to establish that his illness required tolling of the 180–day period for the seven years in which Yang failed to file his motion or that Yang acted with reasonable diligence during this period. *See Iavorski v. INS,* 232 F.3d 124, 134 (2d Cir.2000) ("[E]quitable tolling requires a party to pass with reasonable diligence though the period it seeks to have tolled.").

Finally, Yang's argument that the BIA failed adequately to explain its decision by summarily affirming the IJ's decision is foreclosed by our decision in *Zhang v. DOJ,* 362 F.3d 155 (2d Cir.2004) (per curiam).

We have considered all of the petitioner's arguments and find them to be without merit. The petition for review of the BIA's decision is therefore **DENIED.**