Lemiel BRICE, Petitioner,

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Immigration and Naturalization Service, Respondents.**

No. 1765, Docket 85–4191.

United States Court of Appeals, Second Circuit.

Submitted Oct. 2, 1986.

Decided Dec. 5, 1986.

Jean H. McCreary, Nixon, Hargrave, Devans & Doyle, Rochester, N.Y. (Gregory A. Franklin, of counsel), for petitioner.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y. (Noel Anne Farris, Sp. Asst. U.S. Atty., Steven E. Obus, Asst. U.S. Atty., of counsel), for respondents.

Before KAUFMAN, KEARSE and ALTIMARI, Circuit Judges.

IRVING R. KAUFMAN, Circuit Judge:

Lemiel Brice is a thirty-four-year-old native and citizen of Haiti, who in 1978 entered the United States illegally. In July, 1982, Brice presented himself to the Immigration and Naturalization Service ("INS"), which commenced deportation proceedings against him pursuant to § 241(a)(2) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1251(a)(2). Brice appeared before Immigration Judge Gordon W. Sacks on November 3, 1983. Conceding deportability, Brice requested asylum pursuant to

INA § 208(a), 8 U.S.C. § 1158(a). Alternatively, he requested that his deportation to Haiti be withheld under INA § 243(h), 8 U.S.C. § 1253(h).

Through an interpreter, Brice testified that if he returned to Haiti he would be imprisoned, beaten and possibly killed because he had left the country illegally. In support of his applications, Brice submitted documentary evidence including an affidavit executed by a former member of the government's security guard, the Tonton Macoutes, which stated that the then-president of Haiti, Jean-Claude Duvalier, had issued a secret order to detain all Haitians who returned to the country after leaving illegally. On November 23, 1983, Immigration Judge Sacks denied Brice's applications for asylum and for withholding of deportation.

Brice appealed Judge Sacks's decision to the Board of Immigration Appeals ("BIA"). Oral argument was held and the BIA conducted an independent, *de novo* review of the evidence. On October 24, 1985, the BIA dismissed the appeal and afforded Brice thirty days to leave the country voluntarily. Brice filed a petition for review with this Court, automatically staying the order of deportation.

On February 24, 1986, Brice filed a motion to reopen his deportation proceedings with the BIA so that he might apply for the discretionary relief of suspension of deportation pursuant to INA § 244(a)(1), 8 U.S.C. § 1254(a)(1). On March 7, 1986, Brice filed a further motion with the BIA, requesting reconsideration of its denial of his original applications. The basis of this motion was that the record and transcript of the deportation hearing before Judge Sacks were defective. On June 3, 1986, the BIA denied both motions.

Brice appeals the BIA's decisions of October 24, 1985, and June 3, 1986. He contends that the BIA improperly denied his application for asylum because it misinterpreted the applicable legal standard by requiring him to show a "clear probability of persecution." He also argues that the BIA abused its discretion by refusing to reopen his deportation proceedings to allow him to apply for suspension. Finally, he asserts that, in light of shortcomings in the administrative record, the BIA erred in refusing to reconsider its dismissal of his appeal.

## THE ASYLUM STANDARD

■ An alien who seeks to avoid deportation from the United States has two principal statutory remedies. INA § 243(h) provides for withholding of deportation. The Attorney General shall not deport an alien to a country in which "his life or freedom would be threatened ... on account of," *inter alia*, his "membership in a particular social group, or [his] political opinion." In *INS v. Stevic,* 467 U.S. 407, 421–22, 104 S.Ct. 2489, 2496–97, 81 L.Ed.2d 321 (1984), the Supreme Court decided that the use of the verb "would" indicates that an alien must establish a clear probability of persecution—that more likely than not he would be subject ·to persecution—to qualify for relief under this section.

The alien's second statutory remedy is asylum. Pursuant to INA § 208, an alien may be granted asylum in the discretion of the Attorney General if the Attorney General determines that he or she is a "refugee" within the meaning of the INA. A "refugee" is a person who is outside his country of nationality and who is "unable or unwilling to avail himself ... of the protection of that country because of persecution or a well-founded fear of persecution on account of," *inter alia*, his "membership in a particular social group, or [his] political opinion." 8 U.S.C. § 1101(a)(42)(A).

In its decision denying Brice relief from deportation, the BIA stated that "the well-founded fear of persecution standard for asylum requires an alien's fear of persecution to have a sound basis in external, objective facts that show it is likely the alien will become the victim of persecution." The BIA went on to note that in its view "the eligibility standards for withholding of deportation and asylum are not meaningfully different and, in practical application, converge." Brice contends that

this interpretation of the "well-founded fear standard" is error.

In our recent decision in *Carcamo-Flores v. INS*, 805 F.2d 60, 62 (2d Cir.1986), a case with facts virtually identical to those in this case, we held that the "well-founded fear of persecution" standard is less exacting than the "clear probability of persecution" test embodied in INA § 243(h). To qualify for asylum, we held, an alien must demonstrate a subjective fear of persecution and some objective facts supporting that fear. The alien need not show, however, that persecution is more likely than not. A fear with some basis in objective reality is sufficient. In light of *Carcamo-Flores*, the BIA clearly misinterpreted the applicable legal standard in denying Brice's application for asylum.

The INS contends that, notwithstanding the BIA's misunderstanding of the "well-founded fear" standard, Brice's claim was considered under the proper test. Specifically, the INS points to a single paragraph in the BIA's opinion:

> We are persuaded that [Judge Sacks] evaluated the respondent's testimony and the documentary evidence and correctly concluded that the respondent had failed to prove by a clear probability that he would suffer persecution in Haiti. The respondent also has not met the statutory standard of eligibility for asylum, regardless of whether his claim is assessed in terms of demonstrating a "clear probability," or a "good" or "valid reason to fear" persecution.

The INS insists this language indicates that the BIA evaluated Brice's claim not only under the incorrect "clear probability" standard but also under the less exacting test enunciated in *Carcamo-Flores*.

In *Carcamo-Flores*, however, we considered this same argument and rejected it. Where the BIA expresses the view that the asylum and withholding standards are not meaningfully different, we held, the incantation in a conclusory paragraph of various formulations of less exacting standards is inadequate to overcome the inference that the BIA applied the incorrect standard.

*Carcamo-Flores*, slip op. at 356. We conclude, therefore, that the BIA dismissed Brice's asylum application without ever undertaking the specific inquiry required by the "well-founded fear" standard.

■ The INS further contends that, even if the BIA applied the wrong standard, we should affirm its decision because Brice fails to demonstrate a "well-founded fear of persecution" in any event. Again, however, in *Carcamo-Flores* we considered and rejected this same argument. Where an alien asserts a fear of persecution and presents some objective evidence supporting that fear, it is the responsibility of the immigration judge and the BIA to assess the proof in light of the correct test, and we will not do so in the first instance on appeal. *Carcamo-Flores*, slip op. at 357.

In this case Brice asserted a fear of persecution which was buttressed by documentary evidence. The BIA dismissed the application for asylum without considering it in terms of the "well-founded fear" standard. Consequently, based on our opinion in *Carcamo-Flores* we reverse the decision of the BIA and remand for an application of the proper test.

## THE BIA'S REFUSAL TO REOPEN

■ Under INA § 244(a)(1), 8 U.S.C. § 1254(a)(1), an otherwise deportable alien may obtain the discretionary relief of "suspension of deportation" if he or she shows both seven years continuous presence in the United States and good moral character, and if in addition deportation would "in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse ... or child, who is a citizen of the United States." Subsequent to his deportation hearing, Brice's stay in this country reached the requisite seven-year period and he moved to reopen the proceedings to claim this form of relief.

By the time of this new motion, however, Haiti's government had fallen and a new one had replaced it. The BIA denied the motion, concluding that Brice had failed to

demonstrate a *prima facie* case of extreme hardship because he had not established that he would either suffer any more than an average deportee or that the new government would revert to repression. Brice claims that the BIA abused its discretion in so ruling.

Brice's contention is without merit. The Supreme Court has emphasized that

> [the words "extreme hardship"] are not self-explanatory and reasonable men could easily differ as to their construction. But the Act commits their definition in the first instance to the Attorney General and his delegates, and their construction and application of this standard should not be overturned by a reviewing court simply because it may prefer another interpretation of the statute.
>
> . . . .
>
> The Attorney General and his delegates have the authority to construe "extreme hardship" narrowly should they deem it wise to do so. Such a narrow interpretation is consistent with the "extreme hardship" language, which itself indicates the exceptional nature of the suspension remedy.

*INS v. Wang,* 450 U.S. 139, 144–45, 101 S.Ct. 1027, 1031, 67 L.Ed.2d 123 (1981).

Here, the BIA concluded that Brice had not established that he would be unable to find work in Haiti or that the fall of the Duvalier regime would not result in an abatement of repression. It therefore concluded that he had not shown anything more than an economic detriment common to all returning Haitians which in itself is not sufficient to satisfy the requirements of section 244. *See Bueno-Carrillo v. Landon,* 682 F.2d 143, 146 (7th Cir.1982); *Hernandez-Cordero v. INS,* 783 F.2d 1266, 1268 (5th Cir.1986). It does not appear that relevant evidence was either distorted or disregarded. Moreover, the BIA's conclusion was not arbitrary, irrational or contrary to law. Accordingly, the BIA did not abuse its discretion in denying Brice's motion to reopen.

### DENIAL OF BRICE'S MOTION TO RECONSIDER

 Brice's final contention is that the BIA abused its discretion in denying his motion to reconsider. The gravamen of Brice's argument is that the transcript of his hearing before Immigration Judge Sacks is replete with omissions and inaccuracies, and that, consequently, he was deprived of his statutory and constitutional rights to a hearing. On the present facts, we find no merit in this claim. Although the transcript of the original hearing left much to be desired, Brice was able to get across the substance of his arguments and to participate meaningfully in the proceedings. *Compare Augustin v. Sava,* 735 F.2d 32, 35 (2d Cir.1984).

Reversed and remanded.