**Bin LIN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 01–4050.**

United States Court of Appeals, Second Circuit.

July 7, 2003.

---

\* The Honorable David N. Hurd, Judge of the United States District Court for the Northern District of New York, sitting by designation.

Theodore N. Cox, New York, NY, for Petitioner.

Megan L. Brackney, Assistant United States Attorney, for James B. Comey, United States Attorney for the Southern District of New York, (Kathy S. Marks, Jeffrey S. Oestericher, Assistant United States Attorneys, of counsel, on the brief), for Respondent.

PRESENT: MCLAUGHLIN, B.D.
PARKER, and RAGGI, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 7th day of July, two thousand and three.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review of the order of the Board of Immigration Appeals be and hereby is DENIED.

Petitioner Bin Lin petitions for review of a decision by the Board of Immigration Appeals (BIA) denying his motion to reconsider its earlier dismissal of Lin's appeal from a decision of an Immigration Judge (IJ).[1] The IJ denied Lin's applications for asylum and withholding of removal and found him excludable. We deny the petition.

Lin did not appeal the merits of the IJ's decision but filed a motion for reconsideration well after the 30–day deadline for the filing of such motions under the governing regulation. *See* 8 C.F.R. § 3.2(b)(1) (2000). Consequently, the BIA denied the motion as untimely. The BIA noted that if it were treated as a motion to reopen based on newly discovered evidence it would not be untimely. *See* 8 C.F.R. § 3.2(c)(2) (2000). But since the evidence submitted with the motion was apparently available prior to the hearing before the IJ, the BIA found that the motion would still have to be denied, because the evidence could " 'have been discovered or presented at the former hearing.' " (Feb. 28, 2001 Dec. of BIA at 2 (quoting 8 C.F.R. § 3.2(c)(1) (2000))). Finally, the BIA found that, in any event, the motion failed to set forth facts or arguments calling into question its previous decision. *See* 8 C.F.R. § 3.2(b)(1).

We review for abuse of discretion the BIA's denial of motions to reconsider and to reopen. *See Iavorski v. INS*, 232 F.3d 124, 128 (2d Cir.2000) (motion to reopen); *Brice v. Dep't of Justice*, 806 F.2d 415, 419 (2d Cir.1986) (motion to reconsider). We find no abuse of discretion in the denial of Lin's motion.

---

1. Lin's petition is governed by the transitional rules established by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub.L. No. 104–208, 110 Stat. 3009. *See Diallo v. INS*, 232 F.3d 279, 282 n. 1 (2d Cir.2000) (applying transitional rules when deportation proceedings began before April 1, 1997, and the order of deportation became final after October 30, 1996). Under the transitional rules, IIRIRA's repeal of INA § 106 is not effective and Lin may petition for review thereunder. *See* IIRIRA § 309(c)(4)(A).

The petition for review of the order of the Board of Immigration Appeals is DENIED.