**Masud RAHMAN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 03–4089.**

United States Court of Appeals, Second Circuit.

June 7, 2005.

Salim Sheikh, Bowen & Melbourne, LLC, New York, NY, (David A. Bowen on the brief), for Petitioner.

J. Andrew Ruymann, Assistant United States Attorney, District of New Jersey, (Christopher J. Christie, United States Attorney, on the brief), for Respondent.

PRESENT: MESKILL, JACOBS, and STRAUB, Circuit Judges.

*SUMMARY ORDER*

On January 15, 2003, Masud Rahman filed a petition for review of a December 18, 2002 order of the BIA denying Rahman's motions to [i] reconsider a July 24, 2002 order of the BIA summarily affirming the August 27, 1998 denial of asylum and withholding of removal relief by the Immigration Judge ("IJ") and [ii] reopen his case on the basis of new evidence. We assume that the parties are familiar with the facts, the procedural history, and the issues presented on appeal.

■ 1. In addition to challenging the BIA's December 18, 2002 order, Rahman challenges directly the BIA's July 24, 2002 order affirming the denial of asylum and withholding relief. We lack jurisdiction to review the latter order. *See* 8 U.S.C. § 1252(b)(1); *Stone v. INS*, 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); *Zhao v. DOJ*, 265 F.3d 83, 89–90 (2d Cir.2001).

■ 2. We review the denial of the motions to reconsider and reopen for an abuse of discretion. *See Brice v. DOJ*, 806 F.2d 415, 419 (2d Cir.1986) (motion to reconsider); *Iavorski v. INS*, 232 F.3d 124, 128 (2d Cir.2000) (motion to reopen); *see also* 8 C.F.R. § 1003.2(a) (decision on motion to reconsider or to reopen committed to BIA's discretion). The BIA abuses its discretion where it "provides no rational explanation," or where its decision "contains only summary or conclusory statements." *Zhao*, 265 F.3d at 93. The BIA abused its discretion in denying Rahman's motions.

First, in denying the motion to reconsider, the BIA failed to provide any explanation for a deficiency in the IJ's decision. At his removal hearing, Rahman testified that in July 1993, he was arrested and detained in Bangladesh for his involvement with the Jatiyo political party, and that the criminal charges lodged against him were fabricated. The IJ declined to make an adverse credibility finding, but nevertheless found that Rahman did not suffer past persecution, relying primarily on court

documents listing the allegedly false charges. There may be an explanation for this irregularity, but the BIA's decision fails to address the issue.

Second, the BIA ignored Rahman's motion to reopen altogether. *See Zhao*, 265 F.3d at 90 (motions to reconsider and motions to reopen are "separate and distinct and are not interchangeable"). In support of this motion, Rahman submitted a recent State Department report on Bangladesh detailing instances of police and judicial corruption, and reporting that the Bangladesh Nationalist Party—at whose hands Rahman claimed past persecution—reclaimed control of the government in the October 2001 elections.

For the foregoing reasons, the petition for review is GRANTED, the BIA's denial of the motions to reconsider and reopen is VACATED, and this case is REMANDED to the BIA for further proceedings consistent with this order.

The motion for a stay of removal pending our decision is GRANTED; this stay will expire upon issuance of the mandate.