**Yousuf M. KHAN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**Docket No. 03–4992.**

United States Court of Appeals, Second Circuit.

July 7, 2005.

Yousuf M. Khan, Jamaica, NY, for Petitioner, pro se.

Loretta F. Radford, Assistant United States Attorney, Northern District of Oklahoma, Tulsa, OK (David E. O'Meilia, United States Attorney, on the brief), for Respondent.

Present: WINTER, POOLER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Yousuf Mehmud Khan appeals from an order of the Board of Immigration Appeals ("BIA") that denied his request to reopen and reconsider an order affirming a decision by an immigration judge directing Khan's removal after finding that Khan was not entitled to asylum, withholding of removal under 8 U.S.C. § 1231(b)(3)(A), or withholding of removal pursuant to the Convention Against Torture. We assume the parties' familiarity with the facts, procedural history, and specification of appellate issues and hold as follows.

(1) To the extent that Khan asks us to review the merits of the final order of removal, we lack jurisdiction because Khan did not timely file a petition for review of that order. 8 U.S.C. § 1252(b)(1); *see Zhao v. United States DOJ,* 265 F.3d 83, 89–90 (2d Cir.2001) (holding that a timely petition for review must be filed from an order of removal and that the time period for filing such a petition is not tolled by filing a motion for reconsideration).

(2) We review the BIA's denial of motions to reopen and to reconsider for abuse of discretion. *See Iavorski v. U.S. INS,*

232 F.3d 124, 128 (2d Cir.2000) (motion to reopen); *Brice v. U.S. DOJ*, 806 F.2d 415, 419 (2d Cir.1986) (motion to reconsider). Khan identifies no basis on which we could find that the BIA abused its discretion.

(3) Khan's wholly conclusory assertion that his counsel's assistance was ineffective provides no basis for relief. *See Iavorski*, 232 F.3d at 128–29.

Therefore, we deny the petition for review.