**Sumten LAMA, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**Docket No. 03–4475.**

United States Court of Appeals, Second Circuit.

July 25, 2005.

---

1. The Honorable David G. Trager, Judge of the United States District Court for the Eastern District of New York, sitting by designation.

Gary J. Yerman, New York, New York, for Petitioner–Appellant.

James G. Martin, United States Attorney for the Eastern District of Missouri (Jane Rund, Assistant United States Attorney, on the brief), for Respondent–Appellee.

Present: STRAUB, SACK, Circuit Judges, and KRAVITZ, District Judge.[1]

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petitioner's stay of removal is vacated and the petition for review is hereby **DENIED.**

Sumten Lama, ("Lama"), also known as Samten Wangmo, a native of Nepal claiming Tibetan nationality, petitions this Court pursuant to section 309(c)(4)(C) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), 8 U.S.C. § 1252, for review of a February 11, 2003 decision of the Board of Immigration Appeals ("BIA"). The BIA had denied Lama's motion to reopen and reconsider its summary affirmance of the decision of the Immigration Judge ("IJ") denying Lama's application for asylum, withholding of removal, and voluntary departure and ordering her removal from the United States. We assume the parties'

---

1. The Honorable Mark R. Kravitz, United States District Judge for the District of Connecticut, sitting by designation.

familiarity with the facts, decision below, and issues on appeal.

Lama is active in the Tibetan freedom movement and is seeking asylum from Nepal[2] based on a claim that, as a Tibetan, she is deprived of her human rights, prevented from protesting in support of Tibet, unable to find work due to her undocumented status, and vulnerable to abuses by Maoist groups. Without making a finding as to Lama's nationality, the IJ denied Lama's application for two alternative reasons: (1) because Lama failed to demonstrate past persecution[3] and (2) based on an adverse credibility determination. Specifically, the IJ based her adverse credibility finding on inconsistent testimony and conflicting documentation regarding Lama's identity and her continued use of a Nepalese passport which Lama now claims is fake. After the BIA summarily affirmed the IJ's decision, Lama filed a motion with the BIA to reopen and reconsider its decision, but did not appeal from the affirmance of the IJ's underlying decision.

"[A]n appeal from a final order of exclusion or deportation and an appeal from a denial of a motion to reopen or reconsider that final order involved 'two separate petitions filed to review two separate final orders.'" *Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89 (2d Cir.2001) (quoting *Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995)). Filing a motion to reopen or reconsider does not toll the statutory period for appealing the underlying order. *Stone*, 514 U.S. at 405–06, 115 S.Ct. 1537; *Zhao*, 265 F.3d at 89. Since Lama did not independently appeal from the BIA's November 21, 2002 decision affirming the IJ's removal order within the 30 days specified in 8 U.S.C. § 1252(b)(1), we lack jurisdiction to review the merits of the underlying proceedings and our review is limited to the BIA's denial of the motion to reopen and reconsider. *See Stone v. INS*, 514 U.S. at 394–95, 115 S.Ct. 1537; *Zhao*, 265 F.3d at 89.

We review denials of motions to reopen and motions to reconsider for abuse of discretion. *See Iavorski v. INS*, 232 F.3d 124, 128 (2d Cir.2000) (motion to reopen); *Brice v. DOJ*, 806 F.2d 415, 419 (2d Cir. 1986) (motion to reconsider). The BIA abuses its direction when it acts in an "arbitrary and capricious manner" because its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Zhao*, 265 F.3d at 93 (internal citations and quotations omitted).

Although Lama filed a consolidated "motion to reopen and reconsider," "these motions are separate and distinct and are not interchangeable." *Id.* at 90. Substantively, Lama's motion contained the elements of a motion to reopen, but the BIA gave Lama's claims full consideration and construed her appeal as both a motion to reopen and a motion to reconsider. We do the same here.

---

**2.** In the proceedings before the IJ, Lama sought asylum from Nepal, but in her brief to this Court, Lama now contends that she is actually a Chinese national and that the IJ improperly focused on conditions in Nepal rather than China. This issue is not before the Court as Lama failed to file a timely appeal from the BIA's affirmance of the IJ's order.

**3.** The IJ did not address whether Lama had a well-founded fear of future persecution; however, even if Lama had raised this issue on a direct appeal or in her motion to reconsider, the IJ articulated sufficient grounds supporting her general adverse credibility finding which alone could serve as the basis for denying Lama's asylum application. *See Zhang v. INS*, 386 F.3d 66, 74, 79 (2d Cir.2004).

■ The central claim in a motion to reconsider is that the BIA's original decision was somehow defective. *Id.* In so asserting, "[a] motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). If the BIA grants the motion, it reevaluates the earlier decision based on the original record, considering the case as though a decision had never been entered. *Zhao,* 265 F.3d at 90–91. By contrast, a motion to reopen requests that the BIA reopen the proceedings to consider new facts which were not available or discoverable at the time of the earlier hearing and are supported by affidavits or other evidentiary material. 8 C.F.R. § 1003.2(c)(1). In its review, the BIA considered Lama's papers as both a motion to reconsider and a motion to reopen. However the motion is construed, the BIA did not exceed its allowable discretion in denying it.

Construing Lama's papers as a motion to reconsider, the sole potential factual or legal error identified by Lama is her claim that she is Tibetan. However, Lama has not refuted the government's substantial evidence which suggests that Lama may actually be a Nepalese national. Nor did the IJ rely on a finding as to Lama's nationality in making its decision. While Lama raises a number of legal issues in her brief to this Court, Lama did not allege any of these legal errors in her motion to reconsider with the specificity required by 8 C.F.R. § 1003.2(b)(1). Given the substantial evidence underlying the IJ's credibility determination and Lama's failure to identify potential legal errors in the prior decision, the BIA did not exceed its allowable discretion in dismissing the motion to reconsider.

Since motions to reopen are generally disfavored, the Attorney General is given "broad discretion" to grant or deny a motion. *INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). Under the abuse of discretion standard, this Court need only determine whether the BIA had "any rational basis" underlying its decision. *Dhine v. Slattery,* 3 F.3d 613, 619 (2d Cir.1993). The BIA may deny a motion to reopen when the petitioner has failed to make out a prima facie case for the underlying relief sought or when the petitioner has failed to introduce new or previously unavailable, material evidence under 8 C.F.R. § 1003.2(c)(1). *See INS v. Abudu,* 485 U.S. 94, 104–105, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

■ The adverse credibility determination alone would be a sufficient basis for the IJ to deny Lama the relief sought. However, Lama has submitted no previously unavailable evidence which might resolve the BIA's concerns about the contradictory evidence regarding Lama's identity and her continued use of an allegedly false document.

Lama presents some new evidence which bolsters her fear of persecution claim, but the evidence is insufficient to warrant reopening. The crux of the motion to reopen is that country conditions in Nepal have deteriorated since the BIA made its initial decision. Lama claims that since 2000, Maoists have targeted Tibetans for extortion, killing those who do not comply, while the government of Nepal has refused to help. To corroborate her story, Lama provided: (1) an email from her brother describing the fear experienced by Tibetans living in Nepal and recounting a recent incident in which a group of Maoists visited his home and demanded money, and (2) two recent news articles detailing escalating violence between Maoists guer-

rillas and the ruling government (which, however, do not identify Tibetans as targets). "[P]ersecution of close family members may support a well-founded fear of future persecution," but in the absence of evidence suggesting a connection between an act of persecution and a protected ground, this Court has declined to find a well-founded fear of persecution. *Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999). The only indication that this attack was "anything but an act of random violence," are the conclusory assertions made by her brother in his email and Lama's statement in her affidavit. *Melgar de Torres,* 191 F.3d at 313–14. Even in the absence of corroborating evidence, "consistent, detailed and credible testimony *may* be sufficient to carry [an] alien's burden," *Diallo v. INS,* 232 F.3d 279, 285 (2d Cir.2000) (emphasis added), but here the BIA acted within its allowable discretion in declining to reopen Lama's claim based on this new evidence. *Doherty,* 502 U.S. at 321, 112 S.Ct. 719.

The remaining evidence presented by Lama was either available at the time of the earlier hearing or immaterial to Lama's claim and is therefore insufficient to sustain a motion to reopen. For the foregoing reasons, the stay of removal is vacated and the petition for review is DENIED.