**Jasvir SINGH, Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**Docket No. 03–4193–AG.**

United States Court of Appeals, Second Circuit.

Aug. 31, 2005.

Jasvir Singh, Pomona, NY, for Petitioner, pro se.

Elizabeth S. Riker, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney for the Northern District of New York, on the brief), Syracuse, NY, for Respondent.

Present: WALKER, Chief Judge, CALABRESI, and STRAUB, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the Board of Immigration Appeals be and it hereby is **AFFIRMED** and the petition is **DENIED.**

Petitioner Jasvir Singh seeks review of a January 8, 2003, Board of Immigration Appeals ("BIA") order denying Singh's motion to reopen the BIA's decision dated February 7, 2001, dismissing his appeal from the March 15, 1999, decision of an immigration judge ("IJ") granting Singh's request for voluntary departure after he withdrew his request for asylum and withholding of removal. In his petition to this court, Singh in effect contends that the BIA abused its discretion by refusing to grant his motion to reopen deportation proceedings. Familiarity with the facts and procedural history is assumed.

We review BIA decisions denying motions to reopen for abuse of discretion. *See Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001); *Brice v. U.S. Dep't of Justice,* 806 F.2d 415, 419 (2d Cir.1986). "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements...." *Zhao,* 265 F.3d at 93 (citations omitted).

Here, Singh specifically withdrew his applications for asylum and withholding of removal during proceedings before the IJ, and the IJ granted his motion to depart the country voluntarily. Singh also waived his right to appeal to the BIA, the basis upon which the BIA first dismissed his appeal for lack of jurisdiction. Although Singh now alleges that it would be unsafe to return to India, he has failed to demonstrate that circumstances have changed or that he now has access to previously unavailable or new evidence that would support his motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Accordingly, the BIA did not abuse its discretion in denying Singh's motion to reopen.

We have carefully considered Singh's remaining arguments and find them to be without merit.

For the reasons set forth above, the decision of the Board of Immigration Ap-

peals is hereby **AFFIRMED** and the petition for review is **DENIED**.