**Raja SARKAR, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, THROUGH John ASHCROFT, United States Attorney General, Respondent.**

**Docket No. 03–4003–AG.**

United States Court of Appeals,
Second Circuit.

Oct. 18, 2005.

David A. Bowen, New York, NY, for Appellant.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Kenneth A. Stahl, Assistant United States Attorney, Brooklyn, NY, for Appellee.

Present: WALKER, Chief B.D. PARKER, and WESLEY, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION** of this petition for review of the order of the Board of Immigration Appeals ("BIA"), **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition for review is **DENIED.**

Petitioner Raja Sarkar ("Sarkar") petitions for review of an order of the BIA denying his motion to reconsider and reopen the BIA decision summarily affirming the decision of an Immigration Judge ("IJ") ordering his removal to Bangladesh and denying his applications for asylum and withholding of removal. We assume the parties' familiarity with the facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur,* 413 F.3d at 233; *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004) (citing *Brice v. U.S. Dep't of Justice,* 806 F.2d 415, 419 (2d Cir.1986)). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao,* 265 F.3d at 93 (internal citations omitted).

"Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir. 1998). Sarkar has not challenged the denial of the motion for reconsideration or the due process claim in his brief in support of the petition for review. Accordingly, he has waived review of those claims. In any event, the BIA did not abuse its discretion in denying the motion for reconsideration. With respect to the motion to reopen, Sarkar does not argue that the BIA erred in construing the motion as such; once it was so construed it was not an abuse of discretion to deny it because the motion was unaccompanied by any new evidence.

For these reasons, the petition for review is DENIED.