The petition for review of the BIA's November 7, 2003 order of removal is hereby DENIED.

**Bi Gen LIN, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 04–0407.

United States Court of Appeals, Second Circuit.

Oct. 25, 2005.

Thomas V. Massucci, New York, New York, for Petitioner.

Christian A. Martinez, Assistant United States Attorney, (Michael G. Heavican, United States Attorney for the District of Nebraska, Omaha, Nebraska, on the brief), for Respondent.

PRESENT: JACOBS, CABRANES, and SACK, Circuit Judges.

*SUMMARY ORDER*

Bi Gen Lin, a citizen of the People's Republic of China, petitions for review of a January 7, 2004 order of the Board of Immigration Appeals ("BIA") denying his motion to reconsider its October 27, 2003 decision. The October 27, 2003 decision affirms the February 21, 2002 decision of the Immigration Judge ("IJ"), which denied Lin's application for asylum, denied Lin's application for withholding of removal, denied Lin's request for relief under the United Nations Convention Against Torture, and ordered Lin's removal from

the United States to the People's Republic of China. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

Pursuant to 8 C.F.R. § 1003.2(b)(2), a party affected by a decision of the BIA may, within 30 days, submit a motion to reconsider the decision. We review for abuse of discretion the BIA's denial of a motion to reconsider. *See Brice v. United States Dep't of Justice*, 806 F.2d 415, 419 (2d Cir.1986); 8 C.F.R. § 1003.2(a) (providing that the BIA has discretion over whether to grant or deny motions for reconsideration). We may find abuse of discretion only "where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Zhao v. United States Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (citations omitted).

Lin argues that the BIA abused its discretion in denying his *pro se* motion to reconsider. Specifically, he argues that the BIA "chose to ignore ... without a rationale reason" a new argument that his motion raised—namely, that the alleged inconsistences in his testimony were " 'not strong reasons to seriously undermine the credibility' of [his] political asylum claim." Petr's Br. at 5–6 (Mar. 18, 2005) (quoting Petr's Mot. to Reconsider at 1 (Nov. 14, 2003)). Lin's motion also attempted to explain the inconsistencies.

The BIA did not abuse its discretion in denying Lin's motion to reconsider. In its Order, the BIA indicated that it had considered Lin's argument, but rejected it on the ground that Lin was merely attempting to re-litigate an issue presented and decided on appeal. It was no abuse of discretion for the BIA to conclude that Lin had "not offered new arguments that are based on a substantial change in law nor has he established an error of fact or law in the Immigration Judge's decision which would affect the result in his case." Order of the BIA (Jan. 7, 2004). That Lin does not think the inconsistencies "strong" does not make the BIA's continued deference to the IJ's credibility findings irrational or arbitrary.

For the reasons set forth above, Lin's petition for review is hereby DENIED.

The outstanding motion for a stay of deportation is DENIED.