**Hardip SINGH, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 03–40179–AG.

United States Court of Appeals, Second Circuit.

Nov. 10, 2005.

Hardip Singh, New York, New York, for Petitioner, pro se.

Michael J. Sullivan, United States Attorney for the District of Massachusetts, Damian W. Wilmot, Assistant United States Attorney, Boston, Massachusetts, for Respondent.

Present: CARDAMONE, JACOBS, and B.D. PARKER, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitioner be and it hereby is DENIED.

Hardip Singh, *pro se,* petitions for review of the June 2003 BIA decision deny-

ing his motion to reconsider the April 2003 BIA order affirming the Immigration Judge's ("IJ") decision denying his application for asylum and withholding of deportation. We assume the parties' familiarity with the underlying facts and procedural history.

■ As a preliminary matter, the Government correctly argues that this Court lacks jurisdiction to consider the April 2003 BIA order affirming the IJ's decision because Singh failed to file a timely petition for review of the April 2003 order. *See* IIRIRA § 309(c)(4)(C)(requiring that a petition for review be filed within 30 days of the final order of deportation); *Stone v. INS*, 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). Accordingly, this Court has jurisdiction over only the June 2003 BIA order denying the motion to reconsider.

This Court reviews the BIA's denial of a motion to reconsider for abuse of discretion. *See Brice v. Dep't of Justice*, 806 F.2d 415, 419 (2d Cir.1986). An abuse of discretion will be found "in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Zhao v. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

■ A motion to reconsider "requests that the Board re-examine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Matter of Cerna*, 20 I & N Dec. 399, 403 (BIA 1991). Accordingly, a motion to reconsider must specify the errors of fact or

law in the challenged BIA decision, and must be supported by pertinent authority. *See Zhao*, 265 F.3d at 90. As the BIA correctly found, Singh's motion failed to identify any error of fact or law made by the BIA in its April 2003 order. Rather, the motion merely argued that Singh had established a well-founded fear of persecution in India. Thus, the BIA reasonably denied Singh's motion on the basis that he had failed to identify any legal or factual defect requiring the BIA to reconsider its decision.

For the foregoing reasons, the petition for review is DENIED.