**Jian Xian WANG, Petitioner,**

**v.**

Alberto R. GONZALES,[1] United States Attorney General, United States Department of Justice, Michael Chertoff,[2] Secretary of the Department of Homeland Security, Respondents.

No. 04–2577–AG NAC.

United States Court of Appeals, Second Circuit.

Dec. 30, 2005.

Douglas B. Payne, New York, New York, for Petitioner.

Michael J. Sullivan, United States Attorney; Sara Miron Bloom, Assistant United States Attorney, District of Massachusetts, Boston, Massachusetts, for Respondent.

Present: Hon. Dennis JACOBS, Hon. Chester J. STRAUB, and Hon. Sonia SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Petitioner Jian Xian Wang petitions for review of the April 2004 order of the Board of Immigration Appeals ("BIA") denying his motion for reconsideration of its prior order dismissing his appeal from the order of the Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The BIA's initial affirmance of the IJ's decision, which Wang failed to appeal, is not directly before us. Familiarity with the

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

2. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), the Secretary of the Department of Homeland Security, Michael Chertoff, is automatically substituted for former Secretary of the Department of Homeland Security, Thomas Ridge, as respondent in this case.

**140**

facts and the procedural history of the case is presumed.

This Court reviews the BIA's denial of a motion to reconsider one of its previous decisions for abuse of discretion. *See Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004) (citing *Brice v. U.S. Dep't of Justice,* 806 F.2d 415, 419 (2d Cir.1986)). A motion to reconsider must specify errors of fact or law in the BIA's decision and be supported with pertinent authority. *See* 8 C.F.R. § 1003.2(b); *Ke Zhen Zhao v. DOJ,* 265 F.3d 83, 90 (2d Cir.2001).

In this case, the BIA did not abuse its discretion in denying Wang's motion for reconsideration. Wang contends that the BIA overlooked three errors cited in his motion to reopen: the IJ's reliance on the State Department country profile, the IJ's belief that the authorities only issue abortion certificates for voluntary abortions, and the BIA's characterization of Wang's testimony as inconsistent without specifying the relevant inconsistencies. The first two alleged errors, however, were raised in his initial appellate brief and considered by the BIA, which nonetheless affirmed solely on the strength of Wang's testimonial inconsistencies. With respect to the third ground, Wang offered no argument or legal authority in support of his contention that it was error for the BIA to adopt the IJ's adverse credibility determination, which was based on enumerated inconsistencies: namely, those in Wang's account of the number of abortions his wife was forced to undergo and whether or not they were fined for violating China's family planning policy. Accordingly, the BIA did not abuse its discretion in denying the motion for reconsideration on this ground.

For the foregoing reasons, the petition for review is DENIED.