**LE DAN HUANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales,[1] Respondent.**

No. 04–2496–AG.

United States Court of Appeals, Second Circuit.

Jan. 30, 2006.

David X. Feng, New York, New York, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, Edmond Chang, Assistant United States Attorney, Jack Donatelli, Assistant United States Attorney, Carole Ryczek, Assistant United States Attorney, Chicago, Illinois, for Respondent.

PRESENT: HON. ROGER J. MINER, HON. DENNIS JACOBS, and HON. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 30th day of January, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Le Dan Huang petitions for review of the BIA's denial of her motion to reopen

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

**60**

and reconsider her removal proceedings. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d Cir.2004) (citing *Brice v. U.S. Dep't of Justice*, 806 F.2d 415, 419 (2d Cir.1986)).

■ For the BIA to reopen proceedings, a petitioner must present evidence that is material and was previously unavailable and undiscoverable at the former hearing. 8 C.F.R. § 1003.2(c)(1). Huang offered evidence in the form of affidavits from 2000 and 2002, published before Huang's merits hearing in 2003. Because the evidence was available and discoverable at the time of Huang's former hearing, the BIA did not abuse its discretion in denying her motion to reopen. *See Kaur*, 413 F.3d at 233–34.

■ A motion to reconsider, on the other hand, must specify errors of fact or law in the BIA's prior decision. 8 C.F.R. § 1003.2(b)(1). Huang did not point to any errors of fact or law in the BIA's reasoning on appeal. She neither pointed out differences, specific to her case, between the State Department Profile and the affidavits nor submitted the substantive portion of the affidavits so as to draw the BIA's attention to such differences. Huang argued that she would be prevented from having more children in China and that, even if the threat of IUD insertion was not persecution, she could still be threatened with abortion and/or sterilization in China. Having already issued a detailed and reasoned opinion on the same arguments previously made by Huang, the BIA did not abuse its discretion in denying Huang's motion to reconsider.

In her petition to this Court, Huang argues that, contrary to the BIA's holding in her appeal, the threat of IUD insertion does constitute a threat of future persecution under INA § 101(a)(42). Huang did not argue this issue before the BIA, and so the BIA did not abuse its discretion in failing to address it.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).