**Shu Bing LIN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–41081–AG.**

United States Court of Appeals, Second Circuit.

Jan. 31, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

Eric F. Melgren, United States Attorney for the District of Kansas, Leon Patton, Assistant United States Attorney, Kansas City, Kansas, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. CHESTER J. STRAUB, and Hon. ROBERT D. SACK, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review from the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and GRANTED in part, the BIA's November 2003 order is VACATED in part, and the case is REMANDED to the BIA for further proceedings consistent with this decision.

Shu Bing Lin, a national and citizen of the People's Republic of China ("China"), petitions for review of the BIA's November 2003 order denying his motion to reopen and reconsider his final order of removal. We assume the parties' familiarity with the facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d. Cir.2004) (citing *Brice v. U.S. Dep't of Justice,* 806 F.2d 415, 419 (2d Cir.1986)). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34 (quoting *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted)).

The BIA denied Lin's motion to reopen or reconsider, because it concluded that Lin "failed to address in any manner the adverse findings by the Immigration Judge or in any way contend that they

---

**1.** Pursuant to Federal Rul of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

were erroneous" but, rather, sought only "to relitigate the arguments made in his appeal but not mentioned by the Board in its summary affirmance."

This was a proper basis for denying the motion to reconsider, since Lin's motion merely restated the factual elements of his claim without specifying errors of fact or law in the BIA's decision, and he did not provide any authority, pertinent or otherwise. *See* 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao*, 265 F.3d at 90; *see also Yu Zhao v. Gonzales*, 404 F.3d 295, 301 (5th Cir.2005) (denying petition because it failed to present "a change in the law, a misapplication of the law or an aspect of the case that the BIA overlooked").

However, the BIA did not address the evidence that Lin submitted with his motion to reopen—i.e., the March 5, 2003 letter from Lin's father. In this letter, Lin's father claimed that "some time ago," a local resident who had been returned to China by the U.S. government was forced by the authorities to give the names of "those persons who were from our village and now in the United States applying for political asylum. [He] gave your name out. The policemen came to our home asking if you were in the United States applying for political asylum." Since this letter was ostensibly written some two weeks after the BIA issued its February 20, 2003 decision denying Lin's motion to reopen or reconsider, the Board's failure to address the letter constitutes an abuse of discretion. *See Kaur*, 413 F.3d at 233–34; *Ke Zhen Zhao*, 265 F.3d at 93.

For the foregoing reasons, we deny the petition for review in part and grant it in part, vacate the BIA's decision in part, and remand to the BIA for further proceedings consistent with this decision. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.