**Paulin GJELAJ, Petitioner,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

**Nos. 04–5547–ag (L), 05–0132–ag (CON).**

United States Court of Appeals, Second Circuit.

Feb. 13, 2006.

244

Sunit K. Joshi, Sokol Braha, New York, New York, for Petitioner.

Donald W. Washington, United States Attorney for the Western District of Louisiana, Thomas Burton Thompson, Assistant United States Attorney, Lafayette, Louisiana, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Paulin Gjelaj petitions this Court to review the October and December 2004 decisions of the Board of Immigration Appeals ("BIA") denying his two motions to reopen/reconsider. We assume the parties' familiarity with the facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d Cir.2004) (citing *Brice v. U.S. Dep't of Justice*, 806 F.2d 415, 419 (2d Cir.1986)). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of*

*Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Gjelaj argues that he was precluded from giving testimony regarding pre–1990 events before the IJ and that, by preventing him from testifying to these events, the IJ violated his due process rights. The BIA did not abuse its discretion in denying Gjelaj's motion to reopen. The testimony regarding events before 1990 could have been presented at the hearing below. Gjelaj was not prohibited from testifying to those events; rather, he stipulated that his written statement would be considered in place of oral testimony. Gjelaj was given an opportunity to object to the stipulation, but with the advice of counsel, he chose to agree to the IJ's request. The BIA correctly determined that Gjelaj failed to show that a remand was needed for additional testimony or evidence. *See* 8 C.F.R. § 1003.2(c)(1).

Next, Gjelaj argues that the BIA erred in denying his motion to reconsider because the BIA, in affirming the IJ's decision in which it did not make a finding regarding his past persecution constituted an error of law. Gjelaj argues that the absence of such a finding by the IJ regarding past persecution, constituted harmful error because the adverse credibility finding did not apply to the events prior to 1990 (to which the parties had stipulated). We agree. The IJ's failure to make a past persecution finding cannot have been harmless, because such a finding would have shifted the burden to the government to show fundamentally changed conditions. Without a finding on whether the stipulated events constituted past persecution and, if they did, an analysis of whether there has been a fundamental change sufficient to rebut the presumption of future persecution, we are simply unable to meaningfully review the agency's determination. *Cf. Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341–42 (2d Cir.2006).

For the foregoing reasons, the petition filed under Docket Number 04–5547 for review is GRANTED, the BIA's August 13, 2004 order is VACATED and the case is remanded to the BIA for further proceedings consistent with this decision. The petition filed under Docket Number 05–0132 is denied as moot. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).