**Li Xin YU, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–4580–AG.**

United States Court of Appeals, Second Circuit.

Feb. 15, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York; John P. Cronan, Sara L. Shudofsky, Assistant United States Attorneys, New York, New York, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. JOSÉ A. CABRANES, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Li Xin Yu, through counsel, petitions for review of the BIA order denying his motion to reconsider a prior decision that affirmed an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture. We assume the parties' familiarity with the un-

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

derlying facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reconsider for abuse of discretion. *See Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004) (citing *Brice v. United States Dep't of Justice,* 806 F.2d 415, 419 (2d Cir.1986)). The regulations provide that a motion to reconsider must specify errors of fact or law in the BIA's decision and be supported with pertinent authority. *See* 8 C.F.R. § 1003.2(b); *Ke Zhen Zhao v. United States Dep't of Justice,* 265 F.3d 83, 90 (2d Cir.2001).

Here, in his initial appeal to the BIA from the IJ's decision, Yu argued, *inter alia,* that sworn statements taken at the airport upon entry had been held to be "unreliable barometers of credibility" in asylum proceedings, that he had suffered past persecution, and had a well-founded fear of persecution, that he was entitled to relief under the CAT, and that he warranted a favorable exercise of discretion. Similarly, in his brief accompanying his motion, Yu argued that the IJ erred in "overweighing" the airport statement, and that the BIA should grant his applications for relief. While Yu restated the argument pertaining to the reliability of airport statements to instead question the weight that the IJ gave his own airport statement and to focus on language difficulties, he essentially raised the same challenge that the IJ should not have relied on the airport statement in making his adverse credibility determination. In addition, Yu clearly reargued the merits of all three claims for relief. The fact that these arguments may have been more clearly articulated than in Lin's original appeal does not detract from the fact that they are not

new. Thus, the BIA did not abuse its discretion in declining to revisit them.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).