**LING HUA JIN, Petitioner,**

v.

**BOARD OF IMMIGRATION AP-
PEALS, United States Depart-
ment of Justice, Respondents.**

**No. 04–2214–AG.**

United States Court of Appeals,
Second Circuit.

March 7, 2006.

Henry Zhang, New York, New York, for Petitioner.

Harry S. Mattice, Jr., United States Attorney for the Eastern District of Tennessee, A. Wm. Mackie, Assistant United States Attorney, Knoxville, Tennessee, for Respondent.

PRESENT: Hon. JOSEPH M. MCLAUGHLIN, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 7th day of March, two thousand and six.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review of a decision of the Board of Immigration Appeals ("BIA") is DENIED.

Ling Hua Jin petitions for review of the BIA's April 23, 2004 denial of her motion to reconsider her deportation proceedings. We assume the parties' familiarity with the underlying facts and procedural history of the petition.

We reviewed the BIA's denial of a motion to reconsider for abuse of discretion. *Brice v. U.S. Dep't of Justice*, 806 F.2d 415, 419 (2d Cir.1986). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies ..., is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (citations omitted). In reviewing the denial of a motion to reconsider, this Court is precluded from passing on the merits of the underlying claim for relief; our review is confined to the merits of the denial of consideration. *Id.* at 89–90.

We find no abuse of discretion in the BIA's holding that it had not expressed an opinion on the immigration judge's ("IJ") adverse credibility determination in its 1998 decision remanding the matter to the IJ to consider changes in law. Accordingly, the BIA reasonably concluded that its affirmance of the IJ's 2003 adverse credibility determination was not inconsistent with its 1998 decision.

We also find no abuse of discretion in the BIA's holding that it had not impermissibly denied Jin relief based on her failure to provide corroborating evidence. The BIA reasonably concluded that the IJ's adverse credibility determination was not based exclusively on the lack of corroborating evidence but instead on major inconsistencies in Jin's testimony. Although neither the IJ nor BIA addressed the availability of the affidavits the IJ had noted as missing corroborative evidence, the BIA was not arbitrary or capricious in finding that the adverse credibility determination was sufficiently supported by the inconsistencies in Jin's testimony.

For the foregoing reasons, the petition for review is DENIED.