SUMMARY ORDER
Mei Hua Liu petitions for review of the January 2005 decision of the Board of Immigration Appeals (“BIA”) denying her motion to reopen removal proceedings. We assume the parties’ familiarity with the facts and procedural history of this case.
This Court reviews the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 418 F.3d 232, 233 (2d Cir.2005) (per curiam); Khouzam v. Ashcroft, 361 F.3d 161, 165 (2d Cir.2004) (citing Brice v. United States Dep’t of Justice, 806 F.2d 415, 419 (2d Cir.1986)). An abuse of discretion may be found where the BIA’s decision “provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.” Kaur, 413 F.3d at 233-34; Ke Zhen Zhao v. United States Dep’t of Justice, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted in Kaur).
In Liu’s case, establishing prima facie eligibility for asylum was dependent on establishing credibility. Her new evidence did nothing to challenge the IJ’s finding that her testimony regarding her Falun Gong activities and the local authorities’ pursuit of her was incredible. In her motion to reopen, Liu claimed that: (1) the authorities began harassing her parents two and one-half years after she left China; and (2) only since she has been in the United States have the local authorities discovered that she is now an extensive Falun Gong practitioner. Liu submitted a letter from her parents, which supported her claim that: (1) the village cadres harassed her parents, in an effort to find her; and (2) the village cadres knew about her Falun Gong activities. The BIA’s observation that, “it is clear from the materials presented that the respondent doesn’t want to return to China,” reflects the BIA’s skepticism of Liu’s evidence. The BIA’s conclusion that “the materials presented by [Liu] do not provide a basis ... to conclude that [Liu] now possesses a well-founded fear of persecution” was not an abuse of discretion.
Liu has not challenged the BIA’s decision regarding her family planning claim in *198 her brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 542 n. 1, 545 n. 7 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).