**XIAO LI GAO, Petitioner,**

v.

Alberto R. GONZALES,[1] Respondent.

No. 05–0027–ag.

United States Court of Appeals,
Second Circuit.

April 24, 2006.

Douglas B. Payne, New York, New York, for Petitioner.

Chuck Rosenberg, United States Attorney for the Southern District of Texas, Jill O. Venezia, Assistant United States Attorney, Houston, Texas, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Xiao Li Gao petitions for review of the BIA's denial of his motion to reconsider the BIA's decision to affirm the immigration judge's ("IJ's") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We presume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reconsider for abuse of discretion. *See Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d Cir.2004) (citing *Brice v. U.S. Dep't of Justice*, 806 F.2d 415, 419 (2d Cir.1986)). A motion to reconsider must specify errors of fact or law in the BIA's prior decision. 8 C.F.R. § 1003.2(b)(1). In his motion to reconsider, Gao argued that the BIA had made a factual error in overlooking Gao's explanation, offered during his hearing, for the inconsistency cited by the BIA between his testimony and statements in a letter regarding when Gao had learned of his wife's (or girlfriend's) abortion. This Court presumes an IJ has considered all evidence before him, "unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 159 n. 13 (2d Cir.2006). An IJ is not required to refute on the record a petitioner's explanation for inconsistency. *Id.* There is nothing that compels us to find that either the IJ or BIA

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

failed to consider Gao's explanation for the inconsistency regarding when he discovered that his wife had undergone an abortion. It was reasonable for the BIA, just as it was for the IJ, to dismiss this explanation and find that it need not reconsider its prior decision in Gao's case.

Furthermore, the IJ listed a number of other reasons in addition to the inconsistency at issue to support his adverse credibility determination. In light of these additional reasons, even if the BIA considered persuasive Gao's argument in his motion to reconsider, it may have nonetheless found that the IJ would adhere to the same conclusion regarding Gao's credibility absent any factual error regarding the one stated inconsistency. Therefore, the BIA's decision to deny Gao's motion to reconsider was not an abuse of discretion.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).