**Xue Ying LIN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–0157–AG NAC.

United States Court of Appeals, Second Circuit.

Nov. 15, 2005.

Farah Loftus, Los Angeles, California, for Petitioner.

Richard B. Roper, United States Attorney, Charles O. Dobbs, Assistant United States Attorney, Fort Worth, Texas, for Respondent.

Present: CABRANES, WESLEY, and HALL, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review of the motion to reopen is DENIED.

Xue Ying Lin, through counsel, petitions for review of a motion to reopen the BIA decision affirming the Immigration Judge's ("IJ") decision denying his application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004) (citing *Brice v. U.S. Dep't of Justice,* 806 F.2d 415, 419 (2d Cir.1986)).

In this case, the BIA found that Lin's submission of a marriage certificate and the birth certificates of children born in the United States did not, by themselves, establish a prima facie case of eligibility for asylum, withholding or removal, or CAT relief. There is no evidence that the BIA failed to adequately consider the three new pieces of evidence presented by Lin, and it was certainly within its discretion to deny the motion on this ground. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

The BIA also found that Lin's failure to submit a new application for asylum, as required by 8 C.F.R. § 1003.2(c)(1), was detrimental to her case. *Id.* According to 8 C.F.R. § 1003.2, the BIA has discretion to grant or deny motions to reopen or reconsider, subject to the restrictions contained therein. One such restriction is that a motion to reopen "must be accompanied by the appropriate application for relief and all supporting documentation." 8 C.F.R. § 1003.2(c)(1) (2005). As this is a purely procedural rule that does not allow for discretionary interpretation, the BIA's straightforward application of it correctly resulted in denial of the motion.