**YUN SHENG YAN, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,**
**Respondent.**

No. 03–40408–ag.

United States Court of Appeals, Second Circuit.

Dec. 1, 2005.

Josephine Ferro, Ferro & Cucia, New York, New York, for Appellant.

Van S. Vincent, Assistant United States Attorney, Office of the United States Attorney for the Middle District of Tennessee (Peter D. Keisler, Assistant Attorney General, Civil Division, Linda S. Wernery, Senior Litigation Counsel, Office of Immigration Litigation, James K. Vines, United States Attorney for the Middle District of Tennessee, on the brief), Nashville, Tennessee, for Appellee.

PRESENT: WALKER, Chief Judge, LEVAL, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Yun Sheng Yan, through counsel, petitions for review of the BIA decision denying his motion to reconsider and reopen his immigration proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of either a motion to reconsider or a motion to reopen for abuse of discretion. *See Brice v. Dep't of Justice*, 806 F.2d 415, 419 (2d Cir.1986). An abuse of discretion will be found "in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Zhao v. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

A motion to reconsider "requests that the Board re-examine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Matter of Cerna*, 20 I & N Dec. 399, 399, 1991 WL 353528 (BIA 1991). Accordingly, a motion to reconsider must specify the errors of fact or law in the challenged BIA decision, and must be supported by pertinent authority. *See Zhao*, 265 F.3d at 90. As the BIA correctly found, although Yan's motion to reconsider addressed one issue— the dual marriage certificates—that had adversely affected his credibility, Yan did not offer evidence demonstrating that the BIA had erred in its other numerous findings regarding his adverse credibility.

A motion to reopen will not be granted unless it appears to the BIA that the proffered evidence is "material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2. Further, this Court has determined that, where a petitioner's prior application was denied on the basis of adverse credibility, evidence in support of a motion to reopen is material only where it rebuts that adverse credibility finding. *See Kaur v. BIA*, 413 F.3d 232 (2d Cir.2005). As the BIA correctly found, Yan failed to demonstrate that the evidence he provided in support of his motion was unavailable at the time of his earlier proceedings. Further, the evidence provided in support of Yan's motion to reopen did not rebut all of the evidence relied on by the BIA and IJ in making that finding.