**Xian Rong CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF**

JUSTICE, Alberto R. Gonzales,[1]
Attorney General, Respondent.

No. 04–0848–AG NAC.

United States Court of Appeals,
Second Circuit.

Dec. 9, 2005.

Bruno Joseph Bembi, Hempstead, New York, for Petitioner.

Kevin J. O'Connor, United States Attorney, District of Connecticut, William J. Nardini, Assistant United States Attorney, New Haven, Connecticut, for Respondent.

PRESENT: NEWMAN, RAGGI, and HALL, Circuit Judges.

SUMMARY ORDER

Xian Rong Chen petitions for review of the BIA decision denying a motion to reopen and reconsider the BIA order affirming the immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.   Gonzales is automatically substituted for former Attorney General John Ashcroft.

Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d Cir.2004) (citing *Brice v. United States Dep't of Justice*, 806 F.2d 415, 419 (2d Cir.1986)).

█ In this case, Chen's motion to re-open rests on documentary evidence attempting to establish religious persecution. Chen raised the religious persecution claim before the IJ, but, as he addressed it only briefly at the end of his testimony and did not present any evidence tending to show that he had been persecuted on account of his religion or that he had reason to fear such persecution in the future, the IJ did not make any findings on the claim. Although Chen's wife's letter, which details problems she encountered due to her Catholic faith after Chen's departure for the United States, could support a fear of future persecution, because the letter from the Chinese priest does not state that either Chen or his wife had been persecuted or even harassed on account of their religious activities, the BIA was reasonable and did not abuse its discretion in concluding that the new evidence did not establish a *prima facie* case for Chen's eligibility for relief.

█ Moreover, the BIA did not abuse its discretion in denying the motion to reopen by its handling of the newly submitted record of Chen's wife's gynecological check-ups. This record was tendered in support of Chen's claim of persecution based on opposition to China's family planning policy. The document, however, does not call into question the IJ's findings that: (1) Chen could not provide detailed testi-mony with regard to important events; (2) Chen's oral testimony was inconsistent with his written application; (3) Chen's explanation regarding his ability to get a notarial birth certificate after evading the authorities and escaping from China was implausible; and (4) Chen's explanation with respect to his escape from family planning officials was also implausible.

Petitioner argues that the BIA abused its discretion in denying his motion for reconsideration because the IJ failed appropriately to assess his credibility in accord with this court's holdings in *Secaida–Rosales v. I.N.S.*, 331 F.3d 297 (2d Cir. 2003) and *Qiu v. Ashcroft*, 329 F.3d 140 (2d Cir.2003). The BIA did not abuse its discretion in denying petitioner's motion for reconsideration. Because the IJ reasonably determined that Chen's testimony was incredible because it was vague and inconsistent with or contradictory of other parts of the record and because that determination was supported by substantial evidence, the BIA's initial affirmance of the IJ's denial of relief was adequate under existing case law.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).