**Chang Kuan CHOW, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–2578–AG NAC.**

United States Court of Appeals,
Second Circuit.

Dec. 9, 2005.

Chang Kuan Chow, New York, New York, for Petitioner, pro se.

Christopher J. Christie, United States Attorney for the District of New Jersey, Pamela R. Perron, Assistant United States Attorney, Newark, New Jersey, for Respondent.

PRESENT: NEWMAN, JACOBS, and CABRANES, Circuit Judges.

## SUMMARY ORDER

Chang Kuan Chow, petitions for review of the BIA's denial of his motion to reopen his exclusion proceedings. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004) (citing *Brice v. U.S. Dep't of Justice,* 806 F.2d 415, 419 (2d Cir.1986)). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. DOJ,* 265 F.3d

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

83, 93 (2d Cir.2001) (internal citations omitted).

A motion to reopen must normally be filed within 90 days of a final administrative order of removal, or, as here, exclusion. 8 C.F.R. § 1003.23(b)(1)(2005). Here, Chow's order of exclusion became final in October 2002. Chow filed his motion to reconsider in January 2004, over 90 days after his order was final. Chow argues, however, that his motion to reopen falls under an exemption to the 90–day filing requirement carved out by 8 C.F.R. § 3.23(b)(4)(I) (2002), *amended as* 8 C.F.R. § 3.23(b)(4)(I)(2002), allowing a motion to reopen applications for asylum, withholding, and CAT relief claims, when the motion is based on changed country conditions in the country to which the applicant has been ordered removed, and such evidence was not available and could not have been discovered at the previous hearing.

Chow offered evidence in support of his motion that his wife had been levied an additional fine of 10,000 RMB on September 30, 2003, for having previously violated family planning policies by the birth of her second child in 1991. Chow also stated that she could only pay 3,700 of the 10,000 RMB, and has, as a result, been threatened with punishment if she does not pay. Chow presented the receipt for a similar fine levied on a neighbor. Chow argued that these additional fines indicated that Chinese officials were enforcing family planning laws more stringently, which constituted changed country conditions. The BIA denied Chow's motion to reopen based on untimeliness and failure to show new, material evidence or changed country conditions justifying an exception to the 90–day filing requirement.

The evidence of the new fine was new, in the sense that the document is dated after Chow's order of exclusion became final in October 2002. However, this Court has said that the new facts stated in a motion to reopen should be material to the petitioner's underlying claim because "the assumption [is] that no such motion will be granted unless the facts alleged would be sufficient, if proved, to change the result." *Ballenilla -Gonzalez v. INS*, 546 F.2d 515, 520 (2d Cir.1976).

Chow argues that the new fines are indicative of a larger policy to punish more severely those who have violated family planning policies, and that, if returned, he could face persecution. However, as the government points out, fines alone do not constitute persecution. Accordingly, the motion does not qualify for the exception to the 90–day filing requirement.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of deportation that the Court previously granted in this petition is VACATED, and any pending motion for a stay of deportation in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).