**Mimoza UJKAJ, Orjon Ujkaj, Nertila Ujkaj & Faik Ujkaj, Petitioners,**

**v.**

**Alberto R. GONZALES,[1] Attorney General of the United States, Respondent.**

Nos. 03–40238–ag (L), 03–40242–ag (Con), 04–0430–ag (Con), 04–0431–ag (Con).

United States Court of Appeals, Second Circuit.

Dec. 21, 2005.

Alan Lee, New York, New York, for Petitioner.

Gregory A. White, United States Attorney, Matthew B. Kall, Assistant United States Attorney Office, Cleveland, Ohio, for Respondent.

PRESENT: Hon. WALKER, Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

Petitioners Mimoza Ujkaj, Faik Ujkaj, Orjon Ujkaj, and Nertila Ujkaj ("Ujkajs"),

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

through counsel, petition for review of the BIA decision affirming the Immigration Judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The Ujkajs also petition for review of the BIA's denial of their motion to reopen the proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

*Final Order of Removal*

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); Secaida–Rosales v. INS, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

■ The IJ's adverse credibility determination was supported by substantial evidence. The IJ denied the Ujkajs' asylum application, finding that, *inter alia*, the applicants were not credible and had not met their burden of proof. Specifically, the IJ noted that: (1) although both Mimoza and Faik testified that their political activities consisted only of discussions and propagandizing, Faik's asylum application indicated that he participated in demonstrations; (2) there was no mention in either application about the men who approached Faik two days after they received the letter; (3) Faik did not mention his beating on his application; and (4) their explanation of faulty translation was not persuasive; (5) there was no substantial nexus between their political activities and the alleged persecution; (6) their testimony regarding their political activities was vague and lacking in detail; and (7) it was implausible that Mimoza and the children would remain in Albania for six months after the letter arrived without facing any further persecution. Although the Ujkajs did not explicitly raise a credibility issue in their appeal to the BIA and now, in their brief to this Court, concede that they lied and omitted information during that hearing, they also argue that their testimony before the IJ was consistent and credible with the exception of their omission of Mimoza's rape and the date that Faik was beaten. Considering only the information before the IJ at the time of the hearing, because the IJ gave specific reasoning for the adverse credibility determination which included inconsistencies between the written application and testimony and a finding that the testimony was vague with respect to their political activities which constituted the basis for their claim, the IJ's credibility determination must be upheld as a reasonable adjudicator would not be compelled to find otherwise, as it is not based on flawed reasoning, improper grounds or legal error. *See Dong v. Ashcroft*, 406 F.3d at 111; *Secaida–Rosales*, 331 F.3d at 307.

*Motion to Reopen*

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d Cir.2004) (citing *Brice v. U.S. Dep't of Justice*, 806 F.2d 415, 419 (2d Cir.1986)).

■ In this case, the BIA denied the motion to reopen because it was "not persuaded that the respondent's belated submissions, all of which are premised on the veracity of the respondent, are sufficient to meet the respondent's heavy burden of demonstrating that if proceedings before the Immigration Judge were reopened, the evidence would likely change the result in this case." The only comment the BIA

offered regarding the new evidence, which consisted of the Ujkajs' statements, Mimoza's medical records, and the letter from the torture victims program, was that the evidence did not address whether Mimoza's claim of rape was credible. Thus, it appears that the BIA denied relief on the basis that the new evidence was not material, in that it could not counter the IJ's adverse credibility determination, and not that the evidence was available or discoverable at an earlier date. Accordingly, this Court must determine whether the materiality determination was an appropriate ground for the denial of the motion and, if it was not, must "grant the petition for review, vacate the decision, and remand the case, without passing on the sufficiency of [the] evidence in support of the application." *Twum*, 411 F.3d at 61–62.

The evidence submitted to the BIA included Mimoza's medical records indicating that she reported to the hospital, was perceived to be a suicide risk, was evaluated and placed on anti-depressants, and, upon release was referred to and began participating in a program for torture victims. Further, Mimoza's and Faik's statements indicated that they were not, in fact, fully credible at the hearing as they were ashamed to relate the true reason for their departure from Albania. By submitting the evidence, the Ujkajs have confirmed that their answers during their hearing were not completely forthcoming and have given an explanation for their actions. The evidence, therefore, appears to be material as it goes directly to the issue of their credibility which was the IJ's basis for denial of their application. Thus, although the BIA has broad discretion with respect to motions to reopen, it abused that discretion here by denying the motion based on flawed reasoning. It appears that it would be inappropriate for this Court to consider whether the evidence

was available or could have been discovered earlier as those were not the grounds cited in the BIA's decision. *See Twum*, 411 F.3d at 61–62.

Accordingly, because the BIA erroneously determined that the evidence was immaterial, and given the seriousness of the new allegations, and the fact that, if determined to be credible, it may account for some of the inconsistencies in the earlier testimony, the BIA's denial of the motion to reopen is vacated and the case remanded for further consideration of the motion to reopen.

For the foregoing reasons, the petitions are denied with respect to the June 2003 decision, but granted with respect to the December 2003 decision, which is vacated. The case is remanded to the BIA for further consideration of the petitioners' motion to reopen. Having completed our review, any stay of removal that the Court previously granted in this petition is vacated, and any pending motion for a stay of removal in this petition is denied as moot. Any pending request for oral argument in this petition is denied in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).