**Shou Ping YUNG, also known as Xiu Ping Weng, Yur Chu, a/k/a You Chao Li, Petitioners,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICE, Respondent.**

**Nos. 03–4680–AG(L), 03–4682–AG(CON) NAC.**

United States Court of Appeals, Second Circuit.

Dec. 21, 2005.

Theodore N. Cox, New York, New York, for Petitioner.

Kasey Warner, United States Attorney for the Southern District of West Virginia, Fred B. Westfall Jr., Assistant United States Attorney, Charleston, West Virginia, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Shou Ping Yung and Yur Chu Lee petition for review of the March 2003 decision of the Board of Immigration Appeals ("BIA") denying their motion to reconsider their final order of exclusion. We assume the parties' familiarity with the facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2004) (per curiam); *Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d. Cir.2004) (citing *Brice v. United States Dep't of Justice*, 806 F.2d 415, 419 (2d Cir.1986)). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34; *Ke Zhen Zhao v. United States Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

In this case, the BIA explained that its denial of the motion to reconsider was based on material inconsistencies in the record, which prevented Yung and Lee from establishing prima facie eligibility for relief. The BIA accurately noted that the contrast between Yung's testimony, that she was forced to undergo sterilization on only one side of her body, and the X-ray report alleging blockage of both of her fallopian tubes, was a significant discrepancy in the record. The BIA used the appropriate standard and provided a rational explanation in its denial of the motion to reconsider.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DE-

NIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).