**Zeng Shan WANG, Petitioner,**

**v.**

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–2034–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 28, 2005.

Thomas V. Massucci, New York, New York, for Petitioner.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Paul M. Warner, United States Attorney for the District of Utah, Wayne T. Dance, Assistant United States Attorney, Salt Lake City, Utah, for Respondent.

Present: Hon. Jon O. NEWMAN, Hon. Richard C. WESLEY, and Hon. Peter W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Zeng Shan Wang petitions for review of the BIA's denial of his motion to reconsider its December 2003 order of removal. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d Cir.2004) (citing *Brice v. U.S. Dep't of Justice*, 806 F.2d 415, 419 (2d Cir.1986)). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34; *Ke Zhen Zhao v. DOJ*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). The regulations provide that a motion to reconsider must specify errors of fact or law in the BIA's decision and be supported by pertinent authority. *See* 8 C.F.R. § 1003.2(b); *Ke Zhen Zhao*, 265 F.3d at 90.

Wang presented the same arguments in his motion for reconsideration as he did in his appeal of the IJ's decision. Both times he offered explanations or resolutions to the inconsistencies cited by the IJ and BIA to support the adverse credibility determination, including the issues of: his entry into the United States; the date of his marriage; the date of his daughter's birth; the location of his alleged wife during and after his daughter's birth; whether his wife had a third pregnancy; the implausibility of the 20,000 RMB fine, detention, and escape; and the omission from his testimony about the anti-family planning slogans he claimed in his affidavit to have written. He also argued his eligibility for Convention Against Torture relief in both his appeal and motion to reconsider. It is evident that the BIA considered these arguments as it narrowed the grounds supporting the adverse credibility determination to four reasons most supported by the record. Wang identified no errors of fact or law in his motion to reconsider that he had not already identified and that the BIA had not already considered on appeal. Therefore, having already issued a detailed and reasoned opinion on the same arguments previously made by Wang, it was not an abuse of discretion to deny Wang's motion to reopen.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appel-

late Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).