**Jing Hui JIANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

**No. 04–6546–AG NAC.**

United States Court of Appeals, Second Circuit.

Jan. 4, 2006.

Michael A.O. Brown, New York, New York, for Petitioner.

David C. Iglesias, United States Attorney, District of New Mexico, (Terri J. Abernathy, Assistant United States Attorney, Las Cruces, New Mexico, on the brief), for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER, and Hon. ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jing Hui Jiang petitions for review of the BIA decision denying a motion to reopen and reconsider the BIA order affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d Cir.2004) (citing *Brice v. United States Dep't of Justice*, 806 F.2d 415, 419 (2d Cir.1986)).

The BIA's discretion to grant motions to reopen or reconsider is subject to the restrictions contained in 8 C.F.R. § 1003.2.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft in this case.

Under these regulations, an alien in removal proceedings pursuant to 8 U.S.C. § 1229 may file only one motion to reconsider a decision that the alien is removable from the United States. *See* 8 C.F.R. § 1003.2(b)(2). Because Jiang was in such removal proceedings, filing a motion to reconsider on December 30, 2003, necessarily precluded him from filing this second motion in February 2004.

The regulations also restrict the BIA's discretion to grant a motion to reopen by stating that, with certain exceptions not pertinent here, a motion to reopen must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later. *See* 8 C.F.R. § 1003.2(c)(2). The BIA summarily affirmed the decision below and rendered final the IJ's order of removal on December 4, 2003; a motion to reopen would have been timely until March 3, 2004. Because the BIA did not receive Jiang's motion to reopen until March 16, the motion was clearly outside of the time limitation. Thus, the BIA's application of this procedural rule was not an abuse of discretion.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).