**DE YING NI, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 04–0788–AG.**

United States Court of Appeals, Second Circuit.

Jan. 19, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Michelle G. Tapken, United States Attorney, Cheryl Schrempp Dupris, Assistant United States Attorney, Pierre, South Dakota, for Respondent.

PRESENT: Hon. JOHN M. WALKER, JR., Chief Judge, Hon. ROBERT A. KATZMANN, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

De Ying Ni petitions for review of the BIA decision denying a motion to reopen and reconsider the BIA order affirming an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004) (citing *Brice v. United States Dep't of Justice,* 806 F.2d 415, 419 (2d Cir.1986)).

The BIA's discretion to grant motions to reopen or reconsider is subject to the restrictions contained in 8 C.F.R. § 1003.2. A motion to reopen exclusion or deportation proceedings must be filed within ninety days of the final administrative decision. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). A motion that does not comply with these time limitations can only be brought where the alien can establish "changed country conditions arising in the country of nationality...." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Such a motion to reopen shall not be granted unless it appears that the evidence offered "is material and was not available and could not have been discovered or presented" at the previous hearing. 8 C.F.R. § 1003.2(c)(1). Ni's

motion to reopen was filed on September 2, 2003, a full 16 months after the BIA dismissed the underlying appeal on April 9, 2002, and therefore significantly outside the time limit. However, the BIA failed to consider Ni's evidence of changed country conditions, and did not make a determination as to whether the submitted evidence was new and material to Ni's claim and thereby exempted her from the time limitations on a motion to reopen. As such, the BIA abused its discretion.

The BIA also denied the motion to reconsider as untimely. A party has 30 days from the mailing of the BIA's decision to file a motion to reconsider. *See* 8 C.F.R. § 1003.2(a)(2). As Ni's motion to reconsider was filed on September 2, 2003, more than 16 months after the BIA's decision in April 2002, it was clearly outside of the time limit, and the BIA acted within its discretion to deny the motion on this ground. Because there are no exceptions to the time limitation for motions to reconsider, *see* 8 C.F.R. § 1003.2(a), the BIA's analysis of the underlying arguments in support of the motion to reconsider is immaterial.

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part, the BIA's decision denying the motion to reopen is VACATED in part; however, with respect to the motion to reconsider, the petition for review is DENIED. The case is REMANDED to the BIA for further proceedings consistent with this order. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).