**Ming Qing GAO, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–6533–AG.

United States Court of Appeals, Second Circuit.

Jan. 25, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

G.F. Peterman III, Acting United States Attorney for the Middle District of Georgia, Dean S. Daskal, Assistant United States Attorney, Columbus, Georgia, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, of this petition for review of the Board of Immigration Appeals ("BIA") decision it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Ming Qing Gao petitions for review of the December 2004 decision of the Board of Immigration Appeals ("BIA") denying her motion to reopen deportation proceedings. We assume the parties' familiarity with the facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); Khouzam v. Ashcroft, 361 F.3d 161, 165 (2d Cir.2004) (citing Brice v. United States Dep't of Justice, 806 F.2d 415, 419 (2d Cir.1986)). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." Kaur, 413 F.3d at 233–34;

Ke Zhen Zhao v. United States Dep't of Justice, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

In this case, the BIA provided a rational explanation for denying Gao's motion, reasoning that the People's Family Planning Law ("PFPL") was enacted in September 2002, therefore, Gao's motion could have been submitted at a much earlier date. The BIA further explained that Gao failed to exercise due diligence by pursuing her claims at such a late date. Finally, the BIA stated that Gao's marriage and the birth of her three children do not constitute a change in circumstances and such evidence was previously presented. The BIA provided a clear and rational explanation for denying Gao's motion to reopen. Additionally, the BIA gave specific reasons why the new evidence was not sufficient to merit a reopening of the case.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).