**Zi Hua TANG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–0854–AG.

United States Court of Appeals, Second Circuit.

Jan. 27, 2006.

Zi Hua Tang, Flushing, New York, for Petitioner, pro se.

Thomas A. Marino, United States Attorney, Theodore B. Smith, III, Assistant United States Attorney, Harrisburg, Pennsylvania, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. B.D. PARKER, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Zi Hua Tang, *pro se*, petitions for review of the BIA decision denying Tang's second motion to reconsider the BIA's October 2002 order dismissing Tang's appeal from a November 2000 order of an immigration judge denying Tang's requests for asylum, withholding of removal, and relief under the Convention Against Torture. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004) (citing *Brice v. U.S. Dep't of Justice,* 806 F.2d 415, 419 (2d Cir.1986)). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. DOJ,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Federal regulations provide that "[a] party may file only one motion to reconsider any given decision and may not seek reconsideration of a decision denying a previous motion to reconsider." 8 C.F.R. 1003.2(b)(2). In denying Tang's second motion for reconsideration, the BIA merely followed this regulation, and thus did not act arbitrarily or capriciously.

The petition for review is accordingly DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).