**Bashir TARIN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

No. 04–5655–AG.

United States Court of Appeals, Second Circuit.

Feb. 1, 2006.

Farzad Siman, New York, New York, for Petitioner.

R. Alexander Acosta, United States Attorney, Anne R. Schultz, Chief, Appellate Division, Kathleen M. Salyer, Laura Thomas Rivero, Assistant United States Attorneys, Miami, Florida, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Bashir Tarin petitions for review of the BIA decision denying a motion to reopen and reconsider the BIA order affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d Cir.2004) (citing *Brice v. United States Dep't of Justice*, 806 F.2d 415, 419 (2d Cir.1986)). "The statutory framework governing asylum proceedings does not

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

provide for motions to reopen or reconsider, and the right to make such motions depends entirely on the administrative regulations." *Kaur*, 413 F.3d at 234 (internal quotation marks omitted). The regulations, in turn, provide that "[a] motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1) (2005); *Kaur*, 413 F.3d at 234. Failure to offer such evidence is, therefore, a proper ground on which the BIA may deny a motion to reopen, as is the movant's failure to establish a prima facie case for the underlying substantive relief sought. *See INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

The BIA did not abuse its discretion in determining that Tarin's "new" evidence regarding conditions in Afghanistan, did not materially affect the outcome of his claim. The 34 articles submitted in support of his motion to reopen, while dated after his 2002 hearing, do not contain new information, but merely document a continuation of the violence and instability that was occurring at the time of his initial application. Moreover, the BIA reasonably determined that the undated letter from Tarin's uncle, documenting the June 26, 2002 murder of Tarin's mother and brother due to their suspected pro-Taliban opinion, without corroboration, did not sufficiently indicate changed country conditions or personal circumstances that would substantially affect the outcome of the case.

Additionally, the BIA Practice Manual permits for filing of supplemental briefs based on new arguments outside the original briefing schedule. *See* BIA Prac. Man. Ch. 4.6(g)(ii). During the time while the BIA's decision on Tarin's direct appeal was pending between July 2002 and March 2004, Tarin could have supplemented his brief in support of his appeal with the additional argument of changed circumstances and provided the evidence of the murders. Tarin contends in his petition for review that the letter could not have been submitted earlier, despite the fact that the alleged murders took place one week after his individual hearing, because the letter was only faxed to him after the BIA decided his appeal due to his family's desire to shield him from disturbing news. However, no such explanation was offered to the BIA in support of the motion to reopen, and the BIA therefore did not abuse its discretion in determining that the uncle's letter was not new and previously unavailable.

Finally, as Tarin failed to present any evidence indicating that he was likely to be perceived as a spy, that element of his argument is pure speculation and the BIA did not abuse its discretion in dismissing it.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).