**Mahammad Ikbal Ibrahim PATEL, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–0384–AG.

United States Court of Appeals, Second Circuit.

Feb. 2, 2006.

Mohammad Ikbal Ibrahim Patel, pro se, Bronx, NY, for Petitioner.

Paul J. McNulty, United States Attorney, Gerard J. Mene, Assistant United States Attorney, Alexandria, Virginia, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, and Hon. REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the order of the Board of Immigration Appeals ("BIA"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Petitioner Mohammad Ikbal Ibrahim Patel ("Patel") petitions for review of an order of the BIA denying his motion to reconsider and reopen the BIA decision summarily affirming the decision of an Immigration Judge ("IJ") ordering his removal to India and denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and procedural history of the case.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004) (citing *Brice v. U.S. Dep't of Justice,* 806 F.2d 415, 419 (2d Cir.1986)). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; (internal quotation marks omitted).

As an initial matter, we lack jurisdiction to review the BIA's September 2004 order affirming the IJ's denial of Patel's asylum claim. A petition for review of a BIA order must be filed no later than thirty days after the final order of removal. *See* 8 U.S.C. § 1252(b)(1). Patel's January 2005 petition for review is therefore untimely with respect to the September 2004 order. We therefore review only the BIA's denial of the motions to reopen and reconsider.

The BIA did not abuse its discretion in denying the motion for reconsideration. The BIA, relying on the clerk's November 3, 2004 date stamp on Patel's motion papers, properly concluded that the motion was filed past the 30–day limit for motions to reconsider, which expired on October 28, 2004. The BIA's denial of Patel's motion to reopen was also a proper exercise of its discretion. The events Patel cited in his motion papers all occurred well before Patel's August 2003 hearing before the IJ, and as such did not constitute evidence which "was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1); *Kaur*, 413 F.3d at 234.

For these reasons, the petition for review is DENIED.