**Yong Si CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–0718–AG.

United States Court of Appeals, Second Circuit.

Feb. 2, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Richard B. Roper, United States Attorney, Frank D. Able, Assistant United States Attorney, Dallas, Texas, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, and Hon. REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the order of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Petitioner Yong Si Chen petitions for review of an order of the BIA denying a second motion to reopen Chen's BIA proceedings. This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (*per curiam*); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004) (citing *Brice v. United States Dep't of Justice,* 806 F.2d 415, 419 (2d Cir.1986)). We assume the parties' familiarity with the facts and procedural history of the case.

The BIA's denial of Chen's second motion to reopen his BIA proceedings did not constitute an abuse of discretion. *See Kaur v. BIA,* 413 F.3d at 233. Chen's second motion was numerically barred and untimely, and therefore could only have been considered by the BIA if Chen had demonstrated that the country conditions had changed, and if "such evidence [wa]s material and was not available and could not have been discovered or presented at the previous hearing." *See* 8 C.F.R. § 1003.2(c)(2); 8 C.F.R. § 1003.2(c)(3)(ii).

188

The BIA's determination that the affidavit of Dr. John Aird was not material to Chen's claims for asylum was correct; although the affidavit did discuss Chinese family planning policies generally, it did not discuss the situation of a husband being sterilized after his wife had already been implanted with an IUD. Furthermore, the BIA was correct in determining that the Population and Family Planning Laws of the People's Republic of China ("PFPL") were adopted before Chen's case had gone before the IJ. Although Chen presently argues that the PFPL were finally implemented in his hometown in 2004, he only offered anecdotal evidence in his affidavit to show that some women had been sterilized in his hometown in 2004. Nothing in his affidavit warranted the conclusion that the PFPL had not been implemented earlier, as the date of adoption suggests.

Upon due consideration, it is ORDERED that the petition for review is hereby DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).