**ZHOU ZONG DENG,[1] Petitioner,**

v.

**Alberto R. GONZALES,[2] Respondent.**

**No. 04–0715–ag.**

United States Court of Appeals, Second Circuit.

Feb. 7, 2006.

---

**1.** The Clerk is requested to modify the official caption to reflect the correct order of Zhou's name.

**2.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft in this case.

Thomas V. Massucci, New York, N.Y., for Petitioner.

Richard B. Roper, United States Attorney, John R. Parker, Assistant United States Attorney, Dallas, Tex, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Zhou Zong Deng, a national and citizen of the People's Republic of China ("China"), petitions for review of the BIA's January 2004 order denying his motion to reconsider his final order of removal. We assume the parties' familiarity with the facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004) (citing *Brice v. U.S. Dep't of Justice,* 806 F.2d 415, 419 (2d Cir.1986)). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The BIA denied Zhou's motion to reconsider because it concluded that the motion merely reiterated "arguments which were previously put forth on appeal," and "failed to identify specific errors of fact or law in the Immigration Judge's decision which would ... persuade [the BIA] to reopen the proceedings and to reconsider his appellate arguments." In reaching its decision, the BIA affirmed the IJ's finding that Zhou failed to establish he suffered persecution when the child that he fathered with his girlfriend was forcibly aborted. However, while this finding was correct under the existing law at the time the BIA rendered its decision, *see In Re C–Y–Z,* 21 I. & N. Dec. 915, 1997 WL 353222 (BIA 1997), this Court has since held, in *Shi Liang Lin v. U.S. Dep't of Justice,* 416 F.3d 184, 192 (2d Cir.2005), that the BIA must "clarify whether, when, and why boyfriends and fiancés may or may not similarly [to spouses] qualify as refugees." Depending on the BIA's clarification in *Shi Liang Lin,* Zhou might have a claim to refugee status as the boyfriend of a woman

who was forcibly aborted of a child that Zhou fathered. To the extent that he has such a claim then the BIA's decision in the present case will be based on an error of law, which would constitute an abuse of discretion. *See Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao,* 265 F.3d at 93.

For the foregoing reasons, we grant the petition for review, vacate the BIA's decision, and remand to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).