**Jin Xuan WU, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–1799–AG NAC, A 79–682–417.**

United States Court of Appeals,
Second Circuit.

April 4, 2006.

Michael Brown, New York, New York, for Petitioner.

Matthew D. Orwig, United States Attorney for the Eastern District of Texas, M.

Andrew Stover, Assistant United States Attorney, Plano, Texas, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, of this petition for review of the Board of Immigration Appeals ("BIA") decision it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jin Xuan Wu petitions for review of the March 22, 2005, decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen removal proceedings. We assume the parties' familiarity with the facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d. Cir.2004) (citing *Brice v. United States Dep't of Justice*, 806 F.2d 415, 419 (2d Cir.1986)). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34; *Ke Zhen Zhao v. United States Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The BIA's decision, denying Wu's motion to reopen, was not an abuse of discretion. Pursuant to 8 U.S.C. § 1158(d)(6) "[i]f the Attorney General determines that an alien has knowingly made a frivolous application for asylum and the alien has received the notice under paragraph (4)(A), the alien shall be permanently ineligible for any benefits under this chapter, effective as of the date of a final determination on such application." Wu did receive notice under (4)(A). Additionally, the BIA's April 22, 2004, decision, affirming the IJ's frivolous finding, is the final determination of Wu's asylum application. Finally, nothing in Wu's motion to reopen raised serious doubts as to the correctness of the IJ's frivolousness finding.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.