**JIAN HANG LIN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 05–0905–AG.**

United States Court of Appeals, Second Circuit.

April 6, 2006.

Gary J. Yerman, New York, NY, for Petitioner.

Chuck Rosenberg, United States Attorney for the Southern District of Texas, Daniel David Hu, Assistant United States Attorney, Houston, Texas, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. BARRINGTON D. PARKER, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Jian Hang Lin, through counsel, petitions for review of the BIA decision denying his motion to reopen his immigration proceedings. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Brice v. U.S. Dep't of Justice,* 806 F.2d 415, 419 (2d Cir.1986). An abuse of discretion will be found "in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusions statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

A motion to reopen "asks that the proceedings be reopened for new evidence and a new decision, usually after an evidentiary hearing." *Id.* at 90 (citation omitted). An alien is limited to one motion to reopen exclusion or deportation proceed-

ings. *See* 8 U.S.C. § 1229a (c)(7)(A) (2005); 8 C.F.R. § 1003.2(c)(2) (2005). This motion must be filed within ninety days of the final administrative decision. 8 U.S.C. § 1229a (c)(7)(C) (2005); 8 C.F.R. § 1003.2(c)(2) (2005). A motion that does not comply with these time and numerical limitations can only be brought where the alien can establish "changed country conditions arising in the country of nationality." 8 U.S.C. § 1229(a)(c)(7)(C)(ii) (2005); 8 C.F.R. § 1003.2(c)(3)(ii) (2005). Such a motion to reopen shall not be granted unless it appears that the evidence offered "is material and was not available and could not have been discovered or presented" at the previous hearing. 8 C.F.R. § 1003.2(c)(1).

In this case, the BIA properly found that Lin's motion to reopen was untimely filed under 8 C.F.R. § 1003.2(c)(2), and that Lin did not qualify for the exception to the time limitations permitted by *Matter of X–G–W*, 22 I & N Dec. 71 (BIA 1998), or the "changed country conditions" exception listed under 8 C.F.R. § 1003.2(c)(3)(ii). The BIA addressed and rejected Lin's claim that circumstances in China had changed for birth control violators since his last application. The BIA based its determination on Lin's failure to substantiate that any specific birth control measure will be implemented against either him or his wife. Additionally, the birth of Lin's two children in the United States, as the BIA correctly held, does not amount to "changed circumstances." *See Jian Huan Guan v. BIA*, 345 F.3d 47, 49 (2d Cir.2003). Accordingly, the BIA properly exercised its discretion in concluding that Lin had failed to satisfy the heavy burden relevant to reopening.

For these reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VA-CATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).