Skender NELA, Petitioner,

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,** Respondent.

No. 03–41163–ag.

United States Court of Appeals, Second Circuit.

April 25, 2006.

Skender Nela, Mineola, New York, for Petitioner, pro se.

Harry S. Matice Jr., United States Attorney, Eastern District of Tennessee, Caryn L. Hebets, Assistant United States Attorney, Johnson City, Tennessee, for Respondent.

PRESENT: Hon. WALKER, Jr., Chief Judge, Hon. JON O. NEWMAN, and Hon. ROSEMARY S. POOLER, Circuit Judges.

**SUMMARY ORDER**

Skender Nela petitions for review of the December 2003 decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen/reconsider removal pro-

ceedings. We assume the parties' familiarity with the facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reopen/reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004) (citing *Brice v. United States Dep't of Justice,* 806 F.2d 415, 419 (2d Cir.1986)). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. United States Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

The BIA did not abuse its discretion in denying Nela's motion to reopen. The evidence submitted with the motion was either published before Nela's asylum hearing and could have been made available or the evidence pertains to events that were not relevant to Nela's claim. Nela's motion to reopen presented no new material evidence that could not have been presented at the former hearing; therefore, the BIA's decision must be affirmed. *See* 8 C.F.R. § 1003.2(c)(1).

A motion to reconsider must specify errors of fact or law in the BIA's decision and be supported with pertinent authority. *See* 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao,* 265 F.3d at 90. Nela argues that the BIA failed to consider his argument that the IJ erred in distinguishing the Old Communist Party and the present Socialist Party. The IJ denied Nela's claims because he failed to show that he was persecuted under the INA. The identity of the Socialist Party, and its relationship to the old Communist regime were not determi-

native factors in the IJ's denial of Nela's claim. The BIA's failure to identify Nela's alleged error of fact is harmless and this Court can "state with confidence that the IJ would adhere to his decision if we were to remand." *Ajdin v. BCIS,* 437 F.3d 261, 266 (2d Cir.2006) (quoting *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006)). As a result, the BIA did not abuse its discretion in denying Nela's motion to reconsider.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).