**Nina Vasilyevna BURDINA, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

**No. 04–2277–ag.**

United States Court of Appeals, Second Circuit.

May 25, 2006.

Judy S. Resnick, Far Rockaway, NY, for Petitioner.

Thomas P. Colantuono, United States Attorney, District of New Hampshire; Aixa Maldonado–Quiñones, Assistant United States Attorney, Concord, NH, for Respondent.

Present JAMES L. OAKES, RICHARD J. CARDAMONE, and DENNIS JACOBS, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is DENIED.

Nina Vasilyevna Burdina, through counsel, petitions for review of the April 2004

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney G eneral Alberto R. Gonzales is automatically substituted for for-

mer Attorney General John Ashcroft as the respondent in this case.

BIA order dismissing her appeal from Immigration Judge ("IJ") Philip L. Morace's denial of a motion to reopen removal proceedings in order to rescind an order of removal entered *in absentia*. We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews the dismissal of an appeal from a denial of a motion to reconsider or reopen, including motions to reopen that challenge orders entered *in absentia*, for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d Cir.2004) (citing *Brice v. U.S. Dep't of Justice*, 806 F.2d 415, 419 (2d Cir.1986)); *Iavorski v. INS*, 232 F.3d 124, 128 (2d Cir.2000). An abuse of discretion may be found where the agency's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001).

Here, it is troubling that the IJ first found Burdina's reason for her tardiness plausible and then, inexplicably, found it implausible. Indeed, having examined the Notice to Appear, there is arguable merit to Burdina's claim that she believed the hand-written "9" was a "4". And, it is an open question in this Court whether it is an abuse of discretion for an IJ to treat all late appearances as absences. Moreover, we sympathize with the fact that, due to the procedural course of events of this case, the merits of Burdina's case have never been heard. Unfortunately, though, we are constrained to view a case within the procedural framework established by a petitioner, as much as we might wish that view was broader. Therefore, in this instance, we are bound to forego passing judgment on any of Burdina's underlying arguments.

As to the subject motion to reopen, it is undisputed that it was untimely. Yet, it is settled law in this Circuit that " 'claims of ineffective assistance of counsel satisfy the general requirement that motions to reopen present "new facts" that are "material and [were] not available and could not have been discovered or presented at the former hearing," ' " *Cekic v. INS*, 435 F.3d 167, 170 (2d Cir.2006) (quoting *Iavorski*, 232 F.3d at 129 (further citation omitted)), and, therefore, "filing deadlines for motions to reopen premised on ineffective assistance may be subject to an equitable toll." *Id.* To invoke tolling, though, an applicant must establish both that her counsel's conduct violated the applicant's constitutional right to due process and that the applicant " 'has exercised due diligence in pursuing the case during the period the [applicant] seeks to toll.' " *Id.* (quoting *Iavorski*, 232 F.3d at 129). And, ultimately, it is the applicant who bears the burdens of proof and of persuasion. *See* 8 C.F.R. § 1208.13(a).

Assuming, *arguendo*, that she demonstrated that her former attorney's conduct violated her constitutional right to due process, Burdina did not demonstrate due diligence that would warrant equitable tolling. *See Iavorski*, 232 F.3d at 134. In her affidavit, Burdina indicated that she contacted her present counsel due to her dissatisfaction with her prior attorney, based on the prior attorney's: (1) failure to inform her when to appear for her hearing; (2) failure to file an affidavit with her original motion to reopen; and (3) failure to timely file a Notice of Appeal to the BIA from the IJ's denial of that motion. Yet, while the prior attorney's last alleged act of ineffective assistance occurred in May 2001, Burdina took no action until

**32**

June 2003–almost 20 months following the BIA's dismissal of the appeal-when she sought to reopen her removal hearing based on the ineffective assistance claim. The IJ noted Burdina's 20–month period of apparent inaction as a basis for denying her motion to reopen. Yet, it appears that Burdina paid no heed to this reasoning as she again failed to explain her 20–month period of inaction when she appealed the IJ's denial to the BIA. In its decision, the BIA provided a rational reason for dismissing Burdina's appeal, namely, her failure to demonstrate due diligence-one of the two requisite elements for establishing an ineffective assistance claim. *See, e.g., Kaur,* 413 F.3d at 234. We note that in her argument to this Court, as well, Burdina failed to explain her lack of action between October 2001 and June 2003. We are compelled to conclude, therefore, that the BIA did not abuse its discretion in dismissing Burdina's appeal because Burdina failed to establish entitlement to equitable tolling. *See Cekic,* 435 F.3d at 172.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).