**YUN HUA YANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

No. 04–5282–AG.

United States Court of Appeals, Second Circuit.

June 23, 2006.

Gary J. Yerman, New York, NY, for Petitioner.

A. Alexander Acosta, United States Attorney for the Southern District of Florida, Anne R. Schultz, Chief, Appellate Division, Kathleen M. Salyer, Deputy Chief, Appellate Division, Dexter A. Lee, Assistant United States Attorneys, Miami, FL, for Respondent.

Present DENNIS JACOBS, ROBERT D. SACK and BARRINGTON D. PARKER, Circuit Judges.

### SUMMARY ORDER

Yun Hua Yang petitions for review of the September 2004 decision of the BIA denying his motion to reopen removal proceedings. We assume the parties' familiarity with the facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2004) (per curiam); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004) (citing *Brice v. United States Dep't of Justice,* 806 F.2d 415, 419 (2d Cir.1986)). The BIA may abuse its discretion if its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,*

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

413 F.3d at 233–34 (quoting *Ke Zhen Zhao v. United States Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal quotation marks omitted)).

The BIA did not abuse its discretion in denying Yang's motion to reopen. Yang's assertion that this Court's decisions in *Qiu v. Ashcroft*, 329 F.3d 140 (2d Cir.2003) and *Secaida–Rosales v. INS*, 331 F.3d 297 (2d Cir.2003), somehow abrogate the IJ's decision is incorrect. Yang's argument incorrectly characterizes the BIA's review of the IJ's decision after *Qiu* and *Secaida–Rosales* were issued. The BIA's summary affirmance of the IJ's decision implied that it had considered all of the pertinent federal case law. The BIA need not specifically address each decision, and describe how it was inapplicable. When the BIA issues a summary affirmance, its decisions are squarely controlled by existing federal case law. *See* 8 C.F.R. § 1003.1(e)(4). The BIA properly found that IJ's decision was unaffected by this Court's decision in *Qiu;* therefore, its denial of Yang's motion to reopen was not an abuse of discretion.

Yang also argues that he has submitted new evidence sufficient to establish his objective fear of persecution. According to 8 C.F.R. § 1003.2(a), the BIA has discretion to grant or deny motions to reopen or reconsider, subject to the restrictions contained therein. One such restriction with respect to a motion to reopen mandates that the new evidence must appear to the Board to be material to the applicant's claim. *See* 8 C.F.R. § 1003.2(c)(1) (2005). The BIA found that this evidence was not material to his claim, because the IJ's underlying decision was based on adverse credibility. Inasmuch as Yang's new evidence was unrelated to the underlying basis for the IJ's credibility determination, the BIA did not abuse its discretion in determining that it was not material in denying the motion.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).